## S04A0925. MOORE v. THE STATE.

(604 SE2d 139)

HUNSTEIN, Justice.

This is an appeal from an order denying a motion to bar trial based on the alleged violation of the constitutional right to a speedy trial.[1] In August 1970 the body of Gwendolyn Moore was discovered at the bottom of a well across from the home she shared with her husband, appellant Marshall Moore. The GBI investigated Gwendolyn's death, but the authorities never made an arrest. In October 2002 the Troup County District Attorney reopened the investigation based on newly discovered evidence. Moore was arrested for Gwendolyn's murder on June 4, 2003. On August 4, 2003 a grand jury returned an indictment charging Moore with malice and felony murder. Twenty-two days later Moore filed a motion to bar the trial scheduled for October 27, 2003 on the ground that his Sixth Amendment right to a speedy trial had been violated. A hearing was held and the trial court thereafter denied the motion finding that because Moore's right to a speedy trial attached at the time of his arrest on June 4, 2003 and his trial was scheduled for October 27, 2003, the issue of unreasonable delay of trial was not ripe for review.

1. A ruling on a motion to dismiss based on the right to a speedy trial is reviewed under the analysis set forth in *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) (identifying the four factors to be considered in determining whether an accused's constitutional right to a speedy trial has been violated). Only the pretrial delay which occurs *subsequent* to arrest or indictment is examined for a violation of the right to a speedy trial guaranteed by the Sixth

---

[1] See *Callaway v. State,* 275 Ga. 332 (567 SE2d 13) (2002) (pretrial orders denying a constitutional speedy trial claim are directly appealable).

Amendment. *Wooten v. State*, 262 Ga. 876 (2) (426 SE2d 852) (1993). Moore's right to a speedy trial attached on June 4, 2003, the date of his arrest. His trial was scheduled to commence within five months of his arrest and two months following his indictment At the time, no factors supported a finding of presumptive prejudicial delay to Moore in those few intervening months between arrest, indictment and trial on the serious charge of murder. *Barker v. Wingo*, supra, 407 U. S. at 530-531.

2. Relying on *United States v. Lovasco*, 431 U. S. 783 (97 SC 2044, 52 LE2d 752) (1977) and *United States v. Marion*, 404 U. S. 307 (92 SC 455, 30 LE2d 468) (1971) (although there is no constitutional right to a speedy indictment or to be arrested, certain pre-indictment delays might rise to a denial of due process), Moore maintains that the substantial 33-year delay between the time the alleged murder took place in 1970 and his 2003 arrest and indictment deprived him of due process guarantees under the federal and state constitutions. Inasmuch as our review of the record reveals that the allegations of a violation of these due process rights were not distinctly asserted in the trial court or considered and ruled on therein, Moore's argument will not be addressed for the first time on appeal. *Pye v. State*, 269 Ga. 779 (13) (505 SE2d 4) (1998). Compare *State v. Tye*, 276 Ga. 559 (3) (580 SE2d 528) (2003) (although written order did not include express reference to issue raised on appeal, the record showed that the issue was raised in the trial court and served as primary basis for trial court ruling).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Stemberger, Cummings & Arnall, William J. Stemberger, Jr.*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.