## A11A1880. HILL v. THE STATE.
### (717 SE2d 523)

MCFADDEN, Judge.

On August 3, 2010, Elliott Hill was indicted for distribution of methamphetamine, an offense that the indictment alleged had

---

occurred nearly four years earlier, on October 3, 2006. Subsequently, Hill was arrested for that offense. He moved to dismiss his indictment for "pre-indictment and prosecution delay," citing the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and citing Ga. Const. of 1983, Art. I, Sec. I, Par. XI. The trial court denied Hill's motion on March 28, 2011, and Hill appeals.

Two types of pre-trial delay have been recognized as possible violations of an accused's constitutional rights: delay that precedes the arrest or the indictment, which may violate due process guarantees under the Fifth and Fourteenth Amendments of the United States Constitution, *Jones v. State*, 284 Ga. 320 (1) (667 SE2d 49) (2008); and delay that occurs after an arrest or indictment, which may violate the right to a speedy trial guaranteed by the Sixth Amendment of the United States Constitution, id. at 322 (2), and by the Georgia Constitution. See generally *Ruffin v. State*, 284 Ga. 52, 54 (2) (663 SE2d 189) (2008) (the Georgia Constitution's speedy trial right is coextensive with the guarantee set forth in the Sixth Amendment of the United States Constitution). As detailed below, Hill has not shown that either type of delay violated his constitutional rights in this case because he has not demonstrated actual prejudice from the pre-indictment delay and because he has not shown that the seven-month delay following his indictment was presumptively prejudicial. Accordingly, we affirm the trial court's denial of his motion to dismiss.

1. To prevail on his claim that the delay between the time of the alleged offense and the time of his indictment violated his due process rights, Hill must prove "(1) that the delay caused actual prejudice to his defense, and (2) that the delay was the result of deliberate prosecutorial action to give the State a tactical advantage." (Citation omitted.) *Bunn v. State*, 284 Ga. 410, 411 (1) (667 SE2d 605) (2008). Dismissal is unauthorized unless Hill shows both of these elements. *Jones*, 284 Ga. at 322 (1).

Hill contends that he was prejudiced by the pre-indictment delay because his father, who was a potential defense witness, passed away during that period. The Supreme Court of Georgia has rejected the argument that the death of a witness automatically satisfies the actual prejudice requirement. See, e.g., *Manley v. State*, 281 Ga. 466, 467-468 (640 SE2d 9) (2007); *Holton v. State*, 280 Ga. 843, 845 (2) (632 SE2d 90) (2006); *Jackson v. State*, 279 Ga. 449, 451 (2) (614 SE2d 781) (2005). The possibility of prejudice, including prejudice due to an inaccessible witness, is inherent in any delay, and the applicable statute of limitation is the primary guarantee against bringing overly stale criminal charges. See *United States v. Marion*, 404 U. S. 307, 321-322 (III) (92 SC 455, 30 LE2d 468) (1971); *Billingslea v. State*, 311 Ga. App. 490, 493 (2) (716 SE2d 555) (2011).

Furthermore, Hill did not demonstrate actual prejudice under the circumstances. At the hearing on his motion to dismiss, Hill proffered that his father could have given testimony on two topics that would have contradicted state's witnesses. First, he proffered that his father had been the president of a bank and could have testified about payments made in accounts held at that bank that were connected with the alleged offense. Second, Hill proffered that his father attended a meeting with one of Hill's co-defendants and could have testified about what had occurred. But Hill did not provide any further detail about the anticipated testimony of his father, did not provide any information about the anticipated testimony of the state's witnesses on these two topics, or explain how the testimony would have conflicted. His proffer did not establish that the absence of his father as a witness substantially prejudiced his defense. See *Billingslea*, 311 Ga. App. at 493 (2) (mere existence of possibility that evidence would have assisted defense does not establish actual prejudice).

Because Hill failed to show that the pre-indictment delay caused actual prejudice to his defense, we need not consider whether the delay was the result of deliberate prosecutorial action to give the state a tactical advantage. See *Jackson*, 279 Ga. at 451 (2). The trial court did not err in denying Hill's motion to dismiss based on the pre-indictment delay. See *Billingslea*, 311 Ga. App. at 493 (2).

2. "Only the pretrial delay which occurs *subsequent* to arrest or indictment is examined for a violation of the right to a speedy trial guaranteed by the Sixth Amendment." (Citation omitted; emphasis in original.) *Moore v. State*, 278 Ga. 473, 473-474 (1) (604 SE2d 139) (2004). Accord *Marion*, 404 U. S. at 325 (IV) (where defendants were not arrested, charged, or otherwise subjected to formal restraint prior to indictment, it was the event of indictment that triggered their Sixth Amendment speedy trial protections). Hill's counsel conceded this point at oral argument, agreeing that events that occurred prior to Hill's indictment did not trigger his right to a speedy trial.

Hill's right to a speedy trial attached on August 3, 2010, the date of his indictment for the offense in this case. His trial was specially set to commence five months from that date, and the trial court ruled on his motion to dismiss less than eight months from that date. Hill has not shown any evidence to support a finding of presumptive prejudicial delay, as required for a speedy trial violation under the analysis set forth in *Barker v. Wingo*, 407 U. S. 514, 530-531 (IV) (92 SC 2182, 33 LE2d 101) (1972). See *Moore*, 278 Ga. at 474 (1). The trial court did not err in denying his motion to dismiss on speedy trial grounds.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 12, 2011.

*Kimberly H. Cornwell, Bruce S. Harvey*, for appellant.
*Joseph F. Burford, Gary D. Bergman*, for appellee.