S08A0975. JONES v. THE STATE.

(667 SE2d 49)

CARLEY, Justice.

In January of 2003, Ernesto Guitierrez was fatally shot during an armed robbery in Fulton County. A week later, Kevin Jones was arrested in connection with an armed robbery committed in DeKalb County and, in his post-arrest statement, he provided information regarding Mr. Guitierrez's murder. Jones informed the police that he had been riding in a car with three other individuals and that, during a stop, one of the three left the automobile and shot Mr. Guitierrez. In September of 2005, Jones pled guilty to a lesser charge of robbery in DeKalb County, and he was sentenced to an eight-year term.

In December of 2005, Jones was arrested and charged with the murder of Mr. Guitierrez and related crimes. In November of 2006, he pled guilty to yet another robbery committed in Fulton County. In January of 2007, Jones was indicted for Mr. Guitierrez's murder and other offenses connected with the homicide. In October of 2007, he filed a motion to dismiss the indictment, asserting that the delay in bringing him to trial was a violation of his constitutional rights. After conducting a hearing, the trial court denied the motion. Jones appeals directly from that order of the trial court. *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002).

1. Two types of pre-trial delay have been recognized as possible violations of an accused's constitutional rights, one of which is delay that precedes the arrest or the indictment.

> The Sixth Amendment does not guarantee a right to a speedy *arrest*. However, an inordinate delay between the time a crime is committed and the time a defendant is arrested or indicted may violate *due process* guarantees under the Fifth and Fourteenth Amendments. *United States v. Marion*, 404 U. S. 307, 324 (92 SC 455, 30 LE2d 468) (1971). To find a due process violation where a delay precedes arrest and indictment, courts must find 1) that the delay caused actual prejudice to the defense, *and* 2) that the

delay was the product of deliberate action by the prosecution designed to gain a tactical advantage. [Cits.] (Emphasis in original.)

*Wooten v. State*, 262 Ga. 876, 878 (2) (426 SE2d 852) (1993).

Four years elapsed between the murder of Mr. Guitierrez in January of 2003 and Jones' indictment for that homicide in January of 2007. He contends that this delay was attributable to the State's effort to gain a tactical advantage, which was to await the result of his prosecution for the additional robberies so as to use the disposition of those charges as "other crimes" evidence in this case. However, the record shows that, in support of this assertion, he relies exclusively on a document allegedly prepared by a police investigator and containing the following notation regarding the Guitierrez murder:

At this stage of the investigation, [a named Fulton County Assistant District Attorney] felt that even though enough probable cause exists to request a warrant for Kevin Jones, it might be advisable to wait until Mr. Jones is indicted in DeKalb County on his charges so that similar transactions could be used in trial. Investigation continues . . . .

Neither the investigator nor the prosecutor mentioned in the document testified at the hearing, and the document itself is obviously inadmissible, non-probative hearsay.

Moreover, even assuming that Jones had substantiated his contention, he still would not have shown that the delay was the result of an attempt by the prosecution to obtain an unfair advantage over the defense. Gathering evidence is an ongoing effort, and Jones does not maintain that his commission of similar offenses would not be admissible evidence against him. " '[I]nvestigative delay[ ]' . . . is acceptable, [whereas] 'delay undertaken by the Government solely "to gain tactical advantage over the accused[ ]" (cit.)' . . . is not acceptable." *Jackson v. State*, 279 Ga. 449, 451 (2) (614 SE2d 781) (2005). "[P]rosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U. S. 783, 791 (II) (97 SC 2044, 52 LE2d 752) (1977). Thus, Jones "has failed to show a purposeful or oppressive delay by the [S]tate which would substantiate his claim. [Cit.]" *Natson v. State*, 242 Ga. 618, 621 (2) (b) (250 SE2d 420) (1978).

With regard to the additional element of prejudice, Jones asserts that, as the result of the four-year delay, he cannot now locate several individuals who would corroborate his claim that it was another

occupant of the vehicle who shot Mr. Guitierrez. He claims that those missing witnesses would testify that, at some point after the murder, the individual he named as the killer admitted to them that he had been the triggerman. However, such testimony would be hearsay, and Jones cannot claim prejudice resulting from an inability to call witnesses who could not provide admissible evidence. Moreover, " 'any prejudice which results merely from the passage of time cannot create the requisite prejudice.' [Cit.]" *Roebuck v. State*, 277 Ga. 200, 205 (4) (586 SE2d 651) (2003). Accordingly, even ignoring the inadmissibility of the allegedly missing witness's purported testimony, Jones

> "has not demonstrated any prejudice which would not be expected due to the passage of time. After all, the possibility that memories will fade, witnesses will disappear and evidence will be lost are inherent in any extended delay. (Cit.)" [Cit.] We conclude, therefore, that [Jones] has not borne his burden of showing [any] actual prejudice to his defense arising from [the] delay . . . .

*Jackson v. State*, supra.

"[T]he due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *United States v. Lovasco*, supra at 790 (II). Dismissal is unauthorized unless an accused shows both of the elements of a viable claim for violating his due process rights, and Jones showed neither. Therefore, the trial court correctly found that the Fifth and Fourteenth Amendments were not violated by the delay which occurred between the murder that he allegedly committed and his indictment for that homicide.

2. The second type of pre-trial delay which can implicate a defendant's constitutional rights is that which occurs after an arrest or indictment. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Such a delay

> may violate the right to a speedy trial guaranteed by the Sixth Amendment. [Cits.] In determining whether the Sixth Amendment right to a speedy trial has been violated, courts consider 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of the right to a speedy trial, and 4) whether the defendant was prejudiced by the delay. [Cits.]

*Wooten v. State*, supra at 878 (2). These four factors must be assessed to determine whether, on balance, the delay has denied the accused his constitutional right to a speedy trial. *Jackson v. State*, supra at 451 (3).

*Length of the Delay.* This factor

> "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." [Cit.] "(T)o trigger a speedy trial analysis, an accused must allege that the interval between accusation (or arrest) and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay (cit.), since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." [Cit.] The assumption that a delay is presumptively prejudicial is improper as it can result in unnecessary judicial constitutional analysis. [Cit.]

*Wimberly v. State*, 279 Ga. 65, 66 (608 SE2d 625) (2005). Jones' arrest for Mr. Guitierrez' murder preceded the indictment by some 13 months. However, it also appears that, at the time of Jones' arrest, he was already incarcerated because of his conviction for the DeKalb County robbery. Therefore, for purposes of determining his Sixth Amendment right to a speedy trial, the focus is on the nine-month period between indictment in January of 2007 and the filing of the motion to dismiss in October of 2007. "[T]he date of the indictment is the crucial date for a prisoner already incarcerated on a prior offense. [Cit.]" *United States v. Hill*, 622 F2d 900, 909 (IV) (5th Cir. 1980).

After conducting the hearing on Jones' motion to dismiss, the trial court concluded that "this case has been prosecuted promptly as is customary in such cases." In reaching that conclusion, the trial court was authorized to find that Jones committed a series of similar offenses in multiple jurisdictions, including the alleged armed robbery and murder of Mr. Guitierrez in Fulton County. Moreover, the possibility existed that several individuals were implicated in the crime spree, including Jones' twin brother. Under those circumstances, this prosecution is for

> more than an "ordinary street crime." Considering that several of the murder prosecutions brought to this Court over the past ... years have featured pre-trial delays ranging from 20 to 49 months, [cits.] "(t)he 'peculiar circumstances' of this case authorize a finding that [Jones'] case is being prosecuted with the promptness customary" in such cases. [Cit.] However, notwithstanding that the circumstances of the case warrant a finding that the [nine]-

month delay was not presumptively prejudicial, an abundance of cautions prompts us[, as it did the trial court,] to consider the other factors . . . .

*Jackson v. State*, supra at 452 (3).

*Reason for the Delay*. The only reason for the delay cited by Jones in support of the motion to dismiss is the State's alleged effort to procrastinate so as to obtain additional "other crimes" evidence for use in this prosecution. As previously noted, however, this contention is based entirely on inadmissible hearsay. Moreover, having obtained Jones' indictment based on probable cause, the State was entitled to collect additional evidence to prove his guilt beyond a reasonable doubt. If, after the indictment, Jones wanted to deprive the prosecutor of additional time to prepare the case for trial, he could have filed a demand for a speedy trial pursuant to OCGA § 17-7-171. However, he did not do so, which relates to the next factor.

*Assertion of the Right*. This factor

" 'is entitled to strong evidentiary weight' against the defendant, (cit.)" [cit.], where, as here, [Jones] filed no statutory demand for speedy trial pursuant to OCGA § 17-7-171 and did not raise his constitutional right to a speedy trial for the [nine] months between his [indictment] and the filing of his motion to dismiss, in which he finally asserted the right. This delay in asserting his right to a speedy trial must be weighted against [Jones]. [Cit.]

*Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

*Prejudice*. This factor requires consideration of

three interests that the speedy trial right is designed to protect: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." [Cit.]

*Frazier v. State*, 277 Ga. App. 881, 883 (d) (627 SE2d 894) (2006). Jones is already imprisoned in connection with his commission of additional robberies. He does not assert any anxiety or concern regarding the pending prosecution for the murder of Mr. Guitierrez. Jones' only contention regarding impairment of his defense relates to the inability to locate the alleged witnesses who could not give admissible testimony in any event. Thus, no undue prejudice has been shown.

Considering all four of the relevant factors in a constitutional speedy trial claim, the trial court did not err in finding that Jones failed to prove that the nine-month delay had resulted in a violation of his Sixth Amendment right.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Paul H. Kehir*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.