### S10A0532. JAKUPOVIC v. THE STATE.
(695 SE2d 247)

MELTON, Justice.

Ekrem Jakupovic appeals from the denial of his motion to dismiss his indictment on the ground that his constitutional right to a speedy trial was violated. We affirm.

The record shows that, following an April 2006 jury trial, Jakupovic was found guilty of felony murder, two counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime. On May 18, 2006, Jakupovic filed a motion for a new trial, which, on February 7, 2008, the trial court granted based on ineffective assistance of counsel. In May 2009, Jakupovic was granted bond and released from prison, but he remains on house arrest. Since then, two witnesses for the State moved back to Mexico, and the case was set for an August 31, 2009 retrial. Although Jakupovic never filed a statutory motion for speedy trial, on October 24, 2008, Jakupovic filed a motion to dismiss the indictment based on a violation of his Sixth Amendment right to a speedy trial. This motion was denied on October 30, 2009.

1. Jakupovic's constitutional speedy trial claim must be analyzed under the rubric of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Under *Barker*'s four-part balancing test, the Court must consider:

(1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right [to speedy trial]; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but

rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if [Jakupovic]'s constitutional right to a speedy trial has been abridged.

(Citations omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008). On appeal, a trial court's decision to deny a motion to dismiss based on an alleged violation of the defendant's right to a speedy trial is reviewed under an abuse of discretion standard. *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995).

(a) *Length of delay*: The initial inquiry is whether the length of the delay creates a presumption of prejudice. *Johnson v. State*, 268 Ga. 416 (2) (490 SE2d 91) (1997). If the delay was long enough to raise such a presumption, the three remaining factors from *Barker* must be analyzed. Id. When the delay in bringing a defendant to trial approaches a year, such delay is considered presumptively prejudicial. *Doggett v. United States*, 505 U. S. 647 (II) (112 SC 2686, 120 LE2d 520) (1992). Where, as here, there is no contention that there was any inordinate delay in ruling on the defendant's motion for new trial, the length of the delay in retrying the defendant is measured from the date that the trial court ruled upon the defendant's motion. Compare *State v. Carr*, 278 Ga. 124 (598 SE2d 468) (2004) (where defendant is entitled to new trial following reversal of criminal conviction on appeal, "[t]he length of the delay [in retrying the defendant] is measured from the return of th[e] case to the trial court") with *Threatt v. State*, 282 Ga. App. 884 (640 SE2d 316) (2006) (assessing potential impact on retrial based on trial court's seven year delay in granting defendant's motion for new trial). In this case, Jakupovic's motion for a new trial was granted on February 7, 2008, and the retrial date was set for August 31, 2009. Since this delay is over one year, it is presumptively prejudicial and the remaining *Barker* factors must be considered in conjunction with this factor.

(b) *Reasons for delay*: Under this factor, we must determine

whether the government or the criminal defendant is more to blame for the delay. Deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant.

(Citations and punctuation omitted.) *Vermont v. Brillon*, ___ U. S. ___ (II) (129 SC 1283, 173 LE2d 231) (2009).

Here, the State and Jakupovic agree that the delay in bringing the case to trial resulted primarily from overcrowded dockets and changing judge assignments. Such delay weighs minimally against the State. *Vermont v. Brillon*, supra. See also *Johnson*, supra, 268 Ga. at 418 (2).

(c) *Assertion of right*: With regard to Jakupovic's assertion of his right to a speedy trial, the record shows that Jakupovic never filed a statutory speedy trial demand, and only raised the speedy trial issue in his October 24, 2008 motion to dismiss the indictment. We therefore conclude that this factor weighs against Jakupovic. See *Bowling v. State*, 285 Ga. 43 (1) (c) (673 SE2d 194) (2009) (factor weighed against defendant where defendant never filed statutory speedy trial demand and first raised speedy trial issue in motion to dismiss the indictment).

(d) *Prejudice to defendant*: "Finally, the prejudice to the defendant must be considered based on three factors: (1) whether there has been oppressive pre-trial incarceration; (2) the anxiety and concern of the accused; and (3) the possibility of harm to the accused's defense." *Bowling*, supra, 285 Ga. at 46 (1) (d). With regard to the nature of Jakupovic's pretrial incarceration, Jakupovic has not shown anything oppressive relating to his pretrial incarceration or release on bond that would weigh this factor in his favor. Further, although Jakupovic contends that he is suffering from anxiety, he has not made any sort of "unusual showing" of anxiety that would weigh this element in his favor. *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994).

Finally, with regard to prejudice to his defense, Jakupovic contends that he is prejudiced by the fact that two State's witnesses, the deceased's brothers who testified at his first trial, have since moved back to Mexico. Jakupovic contends that without having the witnesses at the second trial, the jury will be unable to assess their credibility. However, these witnesses testified *against* Jakupovic in his first trial, and, as this Court has previously held, "[a] missing witness whose testimony cannot help a defendant constitutes a flimsy basis on which to claim prejudice." (Citation and punctuation omitted.) *Torres v. State*, 270 Ga. 79, 81 (2) (508 SE2d 171) (1998). Moreover, the testimony of these witnesses is preserved in transcripts from the first trial, where the witnesses were subjected to a thorough cross-examination. We find no abuse of discretion in the trial court's determination that there was no prejudice caused by the unavailability of the two witnesses where, as here, the trial court specifically found that the witnesses' "recorded sworn testimony from the first trial is still available and there was a thorough and

sifting cross-examination done . . . at the first trial.''[1] October 30, 2009 Order at 2. See also *Threatt*, supra, 282 Ga. App. at 892 (unavailability of witnesses from former trial for a retrial does not necessitate a finding of prejudice where transcripts of testimony from former trial are available).

2. Balancing all of the aforementioned factors together, we find that the trial court did not abuse its discretion by concluding that the presumption of prejudice arising from any delay in bringing Jakupovic to trial was insufficient for him to prevail on his speedy trial claim. See, e.g., *Bowling*, supra, 285 Ga. at 47 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Garland, Samuel & Loeb, Donald F. Samuel*, for appellant.
*Julia F. Slater, District Attorney, Thurbert E. Baker, Attorney General, Sadhana P. Dailey, Assistant District Attorney*, for appellee.

---

[1] We note that the ineffective assistance of Jakupovic's counsel at his first trial had nothing to do with the cross-examination of these witnesses.