## S10A1211. SWEATMAN v. THE STATE.
(700 SE2d 579)

NAHMIAS, Justice.

Brittany Sweatman, who is charged with murder and other crimes, asserts that the trial court erred in denying her motion to dismiss the indictment on constitutional speedy trial grounds. The trial court applied the proper framework for analyzing the speedy trial issue and did not abuse its discretion in denying the motion. Accordingly, we affirm.

1. On March 18, 2005, Sweatman was alone with her boyfriend's 19-month-old son, Ashton David Correia. Sweatman claims that when she left the child momentarily to blow-dry her hair in a nearby bedroom, the child attempted to climb onto the dining room table and fell backwards two-and-a-half feet onto an uncarpeted wood floor, knocking him unconscious. Sweatman called her boyfriend and then 911. The child died 11 days later.

The State contends that Sweatman killed the child and concocted the story about the fall to cover up her crimes. The State's

theory is premised on the medical examiner's discovery of four to seven bruises on the back of the child's head, which the medical examiner says are inconsistent with Sweatman's account. The defense maintains that a malignant tumor mass, discovered by its expert but overlooked by the medical examiner, invaded the child's spinal cord and brain and caused his death.

Sweatman was arrested on April 22, 2005, and released on bond less than three weeks later. Nearly four years later, on February 24, 2009, a Fulton County grand jury indicted her for malice murder, three counts of felony murder, aggravated battery, aggravated assault, and cruelty to a child in the first degree. Ten months later, on December 18, 2009, after the case had been set for trial, Sweatman moved to dismiss the indictment on speedy trial grounds. The trial court denied the motion on March 12, 2010, and Sweatman filed a timely notice of appeal.

2. Constitutional speedy trial claims are decided under the framework set out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and refined in *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). See, e.g., *Ruffin v. State*, 284 Ga. 52, 55 (663 SE2d 189) (2008). The analysis proceeds in two stages. As to the first stage, the trial court was undisputedly correct in ruling that the relevant delay in this case — the nearly five years from Sweatman's arrest to the denial of her dismissal motion — was presumptively prejudicial. See id. (explaining that for serious crimes, delay of more than one year normally triggers full speedy trial review).

Accordingly, the trial court had to proceed to the second stage of the analysis, applying a context-focused, four-factor balancing test to determine whether Sweatman was denied the right to a speedy trial. See id. In making this determination, the court had to consider the following:

> [1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted [her] right to a speedy trial, and [4] whether [she] suffered prejudice as the delay's result.

*Doggett*, 505 U. S. at 651 (numbering supplied). Accord *Barker*, 407 U. S. at 530. These four inquiries "have no talismanic qualities" and "must be considered together with such other circumstances as may be relevant" in light of the animating principles of the speedy trial guarantee. Id. at 533. No one element is either necessary or sufficient to conclude that the right to a speedy trial has been violated. See id.; *Ruffin*, 284 Ga. at 55-56. This formulation "necessarily compels

courts to approach speedy trial cases on an ad hoc basis," *Barker*, 407 U. S. at 530, a task better suited to trial courts than appellate courts. Accordingly, the trial court's resolution of a speedy trial motion is reviewed on appeal only for abuse of discretion. See *Jakupovic v. State*, 287 Ga. 205, 206 (695 SE2d 247) (2010).

3. Sweatman contends that the trial court erred in analyzing her claim as a pre-arrest, pre-indictment due process claim rather than a straightforward Sixth Amendment speedy trial claim. In the dismissal order, the trial court did explain that the delay of about one month between the alleged crimes and Sweatman's arrest did not violate due process. See *United States v. Marion*, 404 U. S. 307, 324 (92 SC 455, 30 LE2d 468) (1971) (setting forth the due process test for analyzing pre-charging delay); *Jones v. State*, 284 Ga. 320, 320-321 (667 SE2d 49) (2008) (same). The court went on, however, to discuss a "'second type of pre-trial delay . . . which occurs after an arrest or indictment'" and "'"may violate the right to a speedy trial guaranteed by the Sixth Amendment."'" (Quoting *Jones*, 284 Ga. at 322, in turn quoting *Wooten v. State*, 262 Ga. 876, 878 (426 SE2d 852) (1993).). Accordingly, this enumeration of error is meritless.

4. Sweatman argues that the trial court erred by weighing the last two years of the pre-arrest, pre-indictment delay only slightly against the State because the court erroneously concluded that the delay was due to the investigation of the case. She maintains that the State's investigation was complete over two years before she was indicted. The State disputes this assertion, explaining that it used this time to further investigate the case and prepare for indictment and trial. The trial court credited the State's explanation, and its finding is supported by the testimony of the assistant district attorney (ADA) assigned to the case.

The ADA testified at the dismissal hearing that, with the exception of a few months when she was out on maternity leave, she worked on the case consistently. She stated that during the relevant period, she reviewed extensive medical records, videotaped statements, autopsy photos, and police reports, and she spoke with family members to get a sense of the family dynamics to help determine what happened. She also consulted with medical experts and other attorneys in the office who had experience trying child homicide cases to ensure prior to indictment that the "science, the medical evidence could support our theory" and that the State could prevail at trial if it indicted Sweatman.

"A trial court's findings of fact and weighing of those facts in a speedy trial claim generally are reviewed under an abuse of discretion standard." *Williams v. State*, 277 Ga. 598, 601 (592 SE2d 848) (2004). This is particularly true where the findings were based on live testimony and the trial court had the opportunity to assess the

credibility of the witnesses. The evidence here supports the trial court's finding that the two years prior to indictment were used for investigation. Moreover, even if the State had not investigated the case further during those two years, there is no evidence that the State intentionally delayed the indictment or trial, and delay due to negligence or workloads is weighed lightly against the State, as the trial court lightly weighed the delay here. See *Jakupovic*, 287 Ga. at 206-207. Accordingly, we reject this enumeration of error.

5. Sweatman claims that the trial court erred in weighing against her the ten-month delay between the indictment and the motion to dismiss (which she filed only after the case was scheduled for trial), because *prior* to indictment there was no indictment number associated with the case. Her enumeration of error, however, cannot be based on the nearly four-year interval between her arrest and indictment, because the trial court did not weigh that period against Sweatman in deciding whether she asserted her rights in due course, and therefore the asserted error could cause her no harm.

6. Finally, Sweatman contends that the trial court erred in finding against her on the fourth factor, prejudice. The prejudice inquiry focuses on three central aims of the speedy trial right: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired," the last of which is the most serious. *Barker*, 407 U. S. at 532. The trial court's finding of no oppressive pretrial incarceration is clearly correct, given that Sweatman was released on bond less than three weeks after her arrest and that she has pointed to nothing during her short detention that would qualify as oppressive.

The trial court also found that Sweatman did not experience any unusual anxiety and concern beyond that which necessarily accompanies serious pending charges. See *Jakupovic*, 287 Ga. at 207. Sweatman notes only that she was 21 years old when she was arrested and that she "has spent her twenties worrying about this case and these charges." But that is not unusual enough to compel a contrary finding.

Finally, the trial court found no merit to Sweatman's contention that her defense had been impaired by the pretrial delay. Sweatman claims that memories of the child's behavior go to the heart of her defense. She points to the alleged discovery by an expert of a tumor that invaded the child's spinal cord and surrounding tissue and maintains that her defense will rely heavily on witnesses' recollections of whether the child suffered balance issues, headaches, nausea, vomiting, dizziness, clumsiness, or other decreased motor coordination.

Consideration of prejudice is not limited to the specifically

demonstrable, and proof of particularized prejudice is not essential to every speedy trial claim. See *Doggett*, 505 U. S. 647. Tolerance for delay decreases with its length and the resulting threat to the fairness of the accused's trial. See id. at 657. On the other hand, the trial court found nothing in the record indicating that the State delayed the case to hamper the defense or gain a tactical advantage; the court found that the delay, though long, was reasonable under the circumstances and in light of the scientific evidence involved; and Sweatman presented no evidence of specific prejudice.

Accordingly, we reject Sweatman's final enumeration of error, and in sum, we cannot say that the trial court abused its discretion in concluding that her right to a speedy trial has not been violated. See *Jakupovic*, 287 Ga. at 208.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Edward J. Chase III, Dasha M. Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Lenny I. Krick, Stephany J. Luttrell, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.