## S11A0727. WILLIAMS v. THE STATE.

(717 SE2d 640)

HINES, Justice.

Sean Williams appeals the denial of his pre-trial motion for his discharge and acquittal of charges stemming from a double murder, based upon an alleged violation of his constitutional right to a speedy trial. For the reasons that follow, we affirm.

The record reflects the following. On August 13, 2004, Williams was arrested on drug and firearm charges, not part of the indictment in the instant case. He was incarcerated on those charges in Clayton County when the bodies of two men were recovered from the trunk of a vehicle in Fulton County, and on November 5, 2005, Williams was first held in custody for these murders. Williams was denied bond on the murder charges on December 6, 2005, and he remained incarcerated. On August 22, 2006, a Fulton County grand jury returned a fourteen-count indictment against Williams, stemming from the double murders.[1] Between November 2005 and July 2010, Williams was represented by at least three different public defenders. On July 9, 2010, Williams filed the present motion for discharge and acquittal, alleging violations of his right to a speedy trial under the Sixth Amendment and the State Constitution. On August 27, 2010, the Superior Court of Fulton County issued a "revised and corrected order" denying Williams's motion, thereby refusing to dismiss the case.

---

[1] The indictment charged Williams with two counts of malice murder, four counts of felony murder, two counts of aggravated assault with a deadly weapon, two counts of possession of a firearm during the commission of a felony, tampering with evidence, two counts of concealing the death of another, and possession of a firearm by a convicted felon.

The analysis by this Court is governed by well-settled law. *Fallen v. State*, 289 Ga. 247 (710 SE2d 559) (2011).

> In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal. We review the trial court's ruling for abuse of discretion.

(Citations and punctuation omitted.) *Fallen v. State*, supra at 247-248.

Prior to applying the entire four-factor balancing test of *Barker v. Wingo,* a threshold determination must be made as to whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial." If that is not the case, then that is the end of the inquiry as the accused's speedy trial claim fails; if, however, the delay invokes the presumption of prejudice, then the analysis proceeds to the examination of the *Barker v. Wingo* factors. *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

1. *Length of the delay.* In this case, the superior court measured the length of the delay from the time of Williams's indictment on the present charges to his filing of the motion for discharge and acquittal and found that the four-year time span was presumptively prejudicial so as to trigger the *Barker v. Wingo* analysis. And, the superior court correctly determined this because at the time of Williams's indictment for the murders and concomitant crimes he was already incarcerated as the result of the prior drug and firearm charges; therefore, for the purpose of determining his Sixth Amendment right to a speedy trial, the salient time frame is the approximate 48-month period between the indictment on August 22, 2006, and the filing of the motion for discharge and acquittal on July 9, 2010. *Jones v. State*, 284 Ga. 320, 323 (2) (667 SE2d 49) (2008). Because the pre-trial delay in this case exceeds the benchmark for presumptive prejudice, the superior court properly found the delay to be presumptively prejudicial and proceeded to the application of the other three *Barker*

*v. Wingo* factors. *Ruffin v. State*, supra at 58 (2) (i).[2]

2. *Reasons for the delay*. The superior court expressly found that the State did not delay the prosecution of this case in order to hamper any defense by Williams or to gain a tactical advantage over him; that the case did not appear to be a "garden-variety" street crime, but could potentially involve other serious felony crimes and other perpetrators; that despite the complexities and challenges in this case, it "actively remained" on the court's docket, as evidenced by ongoing discussions between the State and the defense concerning discovery matters and the overall posture of the case; prior to the filing of Williams's motion for discharge and acquittal, the case appeared on the court's August 2009 trial calendar, and subsequently was specially set for trial on March 15, 2010, and August 24, 2010; the State announced ready to proceed to trial on each of those occasions whereas the defense was not ready on at least one of those dates and requested more time at the calendar call; the assigned public defender was recused based upon a conflict of interest which was discovered on the eve of the March 15, 2010 trial date, necessitating the appointment of new counsel; the final trial date was set at the election of new defense counsel to permit sufficient time for counsel to become familiar with the case and to file any pre-trial motions by a date certain; and the defense failed to timely file any additional motions and filed the motion for discharge and acquittal approximately six weeks after the court's deadline. The superior court further expressly took judicial notice of the "extraordinarily heavy court dockets" in that court and recognized that the concomitant demands on the court contributed to the delay of the trial of this case. The court found that the delay was not unreasonable considering all of the circumstances, including the difficulty of the case, the possibility of related homicides, and the continued dealings between the State and the defense leading up to trial. Consequently, the superior court weighed the reason for the delay "benignly" against the State. And, the superior court was justified in doing so. Certainly, there is more tolerance with regard to delay in a case involving serious complex charges. *Williams v. State*, 282 Ga. 561, 563 (4) (651 SE2d 674) (2007).

And, when any portion of a delay in trial is caused by or at the behest of defense counsel, it should not be weighed against the State.

---

[2] Williams takes issue with the finding of a 48-month delay, and urges that the delay is properly calculated as 57 months because he maintains that the present charges against him stemmed from his initial arrest, and consequently, the superior court should have used November 5, 2005, the date when Williams was first in custody, as the triggering event. However, as Williams acknowledges, this does not alter the fact that the superior court was correct in its finding that the pre-trial delay was presumptively prejudicial.

*Weis v. State*, 287 Ga. 46, 52 (1) (b) (694 SE2d 350) (2010). Pretermitting questions of the possible complexity of the trial of this case or any delay as the result of a request or action by Williams's counsel, the evidence is, as Williams concedes, that the State did not deliberately attempt to delay trial in order to hamper Williams's defense or to gain a tactical advantage. Therefore, at most, the delay may be attributed to the negligence on the part of the State, which is generally considered to be relatively benign. *Fallen v. State*, supra at 248 (2). Further, as to the superior court's citing of the extraordinarily heavy workload of the court as a factor, a delay attributed to workload is weighed only lightly against the State. *Sweatman v. State*, 287 Ga. 872, 875 (4) (700 SE2d 579) (2010).

3. *Assertion of the right to a speedy trial.* The Court weighed this factor heavily against Williams, finding that Williams never timely asserted his right to a speedy trial, but rather waited until 57 months after his arrest and after his case had been scheduled for trial three times, including two special settings, to seek dismissal of the charges based upon trial delay.

Williams takes issue with the superior court's calculating the delay in the assertion of his right to a speedy trial from the time of his initial arrest rather than the time of his indictment for the present charges. That is correct, as discussed in Division 1, supra, but the error is harmless because, as Williams readily acknowledges, he did not assert his right until the present motion was filed on July 9, 2010, which was approximately 48 months from the time of his indictment. It is appropriate to weigh such a lengthy delay heavily against him. *Scandrett v. State*, 279 Ga. 632, 635 (1) (c) (619 SE2d 603) (2005). Insofar as Williams suggests that he could not have asserted his right sooner because discovery was not complete, the argument is unavailing. *Williams v. State*, 300 Ga. App. 797, 798 (c) (686 SE2d 407) (2009).

4. *Prejudice to the defendant.* This factor takes into account three interests which the speedy trial right was designed to protect, with the last being the most important, that is, to prevent oppressive pre-trial incarceration; to minimize the accused's anxiety and concern; and to limit the possible impairment of the defense. *Fallen v. State*, supra at 249 (4).

The superior court weighed this fourth factor benignly against Williams. It did so after finding that Williams failed to show that he suffered oppressive pre-trial incarceration or any anxiety or concern over the pendency of his case not ordinarily attendant such criminal charges. Williams does not now maintain that he suffered any extraordinary anxiety or concern due to the delay of the trial.

The court further found that Williams's claim that his defense was impaired because of his inability to locate certain witnesses was

unpersuasive in that he was unable to show diligent efforts to locate the subject witnesses, who were not eyewitnesses but merely potential witnesses for purposes of impeachment. Williams urges that he demonstrated actual prejudice "depending upon which evidence the [S]tate chose to present at trial." He contends that because of the delay, he is unable to find two witnesses who would contradict the testimony of one whom he describes as "an unindicted co-defendant" to the effect that such individual told these witnesses that he shot both victims rather than what he said in his statement to police that he shot one and Williams shot the other.

In order to prove prejudice as the result of the unavailability of a witness, a defendant has to show that the witness could supply material evidence for his or her defense. *Howard v. State,* 307 Ga. App. 822, 829 (2) (d) (706 SE2d 163) (2011). Williams's own description of the anticipated testimony by the claimed witnesses, on its face, portrays it as inadmissible hearsay for the purpose of substantive evidence. See *Jones v. State,* 284 Ga. 320, 324 (2) (667 SE2d 49) (2008). But, pretermitting questions of the admissibility or materiality of the anticipated testimony, either as substantive evidence or for the purpose of impeachment, Williams makes no challenge to the superior court's significant finding of the defense's failure to show diligence in attempting to locate the subject witnesses, i.e., that they are indeed unavailable to him. Simply, Williams has failed to show that the superior court should be faulted for benignly weighing this final factor against him.

Accordingly, this Court does not find an abuse of the superior court's discretion in denying Williams's motion for discharge and acquittal and in refusing to dismiss his pending murder and related charges. *Fallen v. State,* supra at 249 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Sarina J. Woods,* for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.