**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 12, 2013**

# In the Court of Appeals of Georgia

A13A0236. THE STATE v. TAKYI.

McFADDEN, Judge.

The State appeals the trial court's grant of Elizabeth Takyi's motion to dismiss the indictment against her for violation of her constitutional right to a speedy trial. This is the second appearance of this case before this Court. See *State v. Takyi*, 314 Ga. App. 444 (724 SE2d 459) (2012). In the prior appeal, we vacated the trial court's order and remanded the case for reconsideration based on our finding that the trial court had made factual and legal errors. *Id.* On remand, the trial court again granted Takyi's motion to dismiss. Because we conclude that the trial court correctly followed the roadmap we set out in our earlier opinion and did not abuse its discretion in weighing the relevant factors for determining whether there has been a constitutional speedy trial violation, we affirm.

On October 3, 2008, Takyi was arrested for driving under the influence of alcohol and ordered to appear in municipal court on November 19, 2008. The matter was continued until January 5, 2009, when Takyi appeared at an arraignment in municipal court and demanded a jury trial. As a result, the case was bound over to the State Court of Fulton County. The relevant facts, as set out in our earlier opinion, are:

> On January 22, 2010, just over a year later, Robert Chestney of the Chestney Law Firm sent a letter to the Fulton County Solicitor-General inquiring about the status of the case and stating that his client requested "that the charges against her be brought to trial at the earliest possible opportunity, asserting her right to a speedy trial under the constitution." Chestney raised a concern about how the case was affecting his client's immigration status, and he concluded with the following request: "please try to locate this case and accuse it as quickly as possible, so we can get it to trial before it results in her losing everything she has worked so hard for." The solicitor-general responded three days later and explained that there was nothing in the county computer system to indicate that the county had received the paperwork; she asked for the traffic ticket to facilitate locating the file.

> On February 4, 2010, 13 days later, the solicitor-general filed formal charges against Takyi in the state court. On February 22, Takyi, through attorney Rebecca Kozycki of the Chestney Law Firm, filed a demand for speedy trial pursuant to the United States and Georgia Constitutions and pursuant to OCGA § 17–7–170.

2

*Takyi*, 314 Ga. App. at 444.

On March 15, 2010, Takyi filed a motion to dismiss on the ground that her constitutional right to a speedy trial had been violated. On April 27, 2010, the court held a hearing to address the motion, where Takyi and three of her attorneys testified. Two days later, and approximately 18 months from the date of Takyi's arrest, the trial court entered an order granting her motion to dismiss on speedy trial grounds. The State appealed and we reversed.

In evaluating constitutional speedy trial claims, the trial court must first determine whether the pretrial delay is long enough to be considered presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 651-52 (2) (112 SCt 2686, 120 LE2d 520) (1992). If so, the court must conduct a four-factor balancing test evaluating the length of the pretrial delay, the reason for the delay, the defendant's assertion of her right to a speedy trial, and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (92 SCt 2182, 33 LE2d 101) (1972).

In our earlier opinion we found that: (1) the trial court conflated the threshold inquiry of presumptive prejudice with the first factor regarding the length of the pretrial delay; (2) the trial court failed to consider evidence that Takyi knew her decision to seek a jury trial would cause some delay; (3) the trial court's finding as

to Takyi's assertion of her right appeared to be based in part on an error of law as to when she could assert that right and on improper hearsay evidence; and (4) the trial court considered inadmissible hearsay in making its finding of prejudice to the defendant. *Takyi*, 314 Ga. App. at 446-48 (1).

On remand, the trial court held a second hearing on June 28, 2012, where it solicited argument but heard no additional testimony or evidence from the parties. Following the hearing, the trial court entered an order again granting Takyi's motion to dismiss. The state filed the current appeal challenging this ruling.

Constitutional speedy trial claims are analyzed according to the framework laid out in *Barker v. Wingo*, 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U.S. 647 (112 SCt 2686, 120 LE2d 520) (1992). The analysis has two stages.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation[,] whichever comes first[,] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which

requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial. The four factors to be considered in the case of presumptively prejudicial delay are (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant.

*Moore v. State*, 314 Ga. App. 219, 220-21 (723 SE2d 508) (2012) (citations and punctuation omitted.) See also *State v. Porter*, 288 Ga. 524, 525-26 (2) (705 SE2d 636) (2011); *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). We review the trial court's ruling on a motion to dismiss on speedy trial grounds for abuse of discretion. *Ruffin*, 284 Ga. at 65. We defer to the trial court's findings of fact and its weighing of disputed facts. *Williams v. State*, 277 Ga. 598, 599 (1) (592 SE2d 848) (2004). We turn then to the first stage of the analysis.

　　1. *Presumptive prejudice.*

　　Pretrial delay is presumptively prejudicial if it approaches one year. *Doggett*, 505 U.S. at 652, n. 1. "Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *Porter*, 288 Ga. at 526 (2). Additionally, "if the trial court enters a new order [granting or] denying a motion to dismiss on

5

speedy trial grounds, the length of the pretrial delay runs to the entry of the new order rather than the original order, where an appellate court vacated the original order and remanded for the entry of a new order expressly applying the *Barker-Doggett* framework." *Richardson v. State*, 318 Ga. App. 155, 158 (1) (733 SE2d 444) (2012); see also *Goddard v. State*, 315 Ga. App. 868, 870-871 (729 SE2d 397) (2012).

Here, the trial court found that the 18-month pretrial delay was presumptively prejudicial. We agree that the pretrial delay was presumptively prejudicial. Indeed, the trial court's calculations understated the length of the delay. Because the trial court entered a second order subsequent to our decision to vacate and remand, the trial court erred in calculating the length of the delay as only the initial 18-month delay. The length of the delay should have been calculated from Takyi's October 3, 2008 arrest to the trial court's August 22, 2012 order again granting her motion to dismiss after remand, which would have added 28 months to the length of the delay, for a total delay of 46 months. Having resolved the threshold question, the trial court correctly proceeded to the *Barker-Doggett* four-factor balancing test.

2. *The Barker-Doggett factors.*

In this stage of the analysis, a court should consider "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to

6

blame for the delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505 U.S. at 651.

(a) *Whether the pretrial delay was uncommonly long.*

To determine whether a pretrial delay is uncommonly long, the court must analyze "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Ward v. State*, 311 Ga. App. 425, 428 (2) (715 SE2d 818) (2011).

In the prior appeal, we held that, although the trial court failed to clearly separate the threshold inquiry of length of the delay from the question of whether the 18-month delay was uncommonly long, the trial court properly found that the pretrial delay was uncommonly long. The trial court corrected this error in its second order and explicitly found that the 46-month delay was uncommonly long, "especially for misdemeanor traffic offenses with one witness and no follow up investigation." See *State v. Buckner*, 292 Ga. 390, 393 (3) (a) (738 SE2d 65) (2013) (the complexity and seriousness of the charges at issue are relevant in weighing the length of the delay); *Barker,* 407 U.S. at 530-53. Because there was some evidence of an uncommonly

7

long delay, the trial court did not abuse its discretion in weighing this factor in Takyi's favor.

(b) *Whether the government or the defendant is more to blame for the delay.*

As to the second *Barker-Doggett* factor, courts must consider "both the reason for the delay and whether this is attributable to the defendant or the State." *Richardson*, 318 Ga. App. at 159; *Sechler v. State*, 316 Ga. App. 675, 679 (2) (b) (730 SE2d 142) (2012)."Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." *Boseman v. State,* 263 Ga. 730, 733 (1) (438 SE2d 626) (1994). See *Kemp v. State*, 314 Ga. App. 327, 331 (724 SE2d 41) (2012).

In the prior appeal, we found that "the definitive nature of the trial court's conclusion show[ed] that the court did not consider the evidence that Takyi knew there would be some delay" when it decided that this factor weighed in favor of Takyi. *Takyi*, 314 Ga. App. at 446. To correct this error, in its new order the trial court expressly found that Takyi did seek a jury trial knowing this could cause additional delay in her case. Nonetheless, when weighing the reason for the delay, the trial court, in its discretion, did not weigh Takyi's exercise of her right to a jury trial against her. Even if the trial court had done so, this minor delay would have been

8

overcome by the State's lengthy, unexplained delay in formally accusing Takyi. See

*State v. Bazemore*, 249 Ga. App. 584, 585-86 (1) (549 SE2d 426) (2001).

The record does not explain the initial 18-month delay between Takyi's arrest and the filing of the accusation. There is no evidence that the State intentionally caused the delay or sought to undermine Takyi's defense. Rather, the State admitted that it could not locate Takyi's case, citing budget cuts and limited staffing. However, "unreasonable delay in run of the mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal justice system are limited and that each case must await its turn." *Hayes v. State*, 298 Ga. App. 338, 345 (2) (680 SE2d 182) (2009) (citation and punctuation omitted). Where the State gives no reason for the delay, other than its own negligence, this factor is weighed lightly against the State. See *Sweatman v. State,* 287 Ga. 872, 875 (700 SE2d 579) (2010); *Ruffin,* 284 Ga. at 61.

Moreover, the trial court properly attributed to the State the additional 28-month delay between its original grant of Takyi's motion to dismiss and its second grant of the same. See *Richardson*, 318 Ga. App. at 160. The defendant is not charged with the delay resulting from the State's appeal. "[I]n determining whether the government or the defendant is more to blame for the pretrial delay, the government

9

includes all state actors, even trial and appellate court judges." *Goddard*, 315 Ga. App. at 874 (citation and punctuation omitted). This additional delay then must also be weighed against the State.

Consequently, when weighing any short delay resulting from Takyi's demand for a jury trial with the longer delay attributed to the State, the trial court properly exercised its discretion in weighing the reason for the delay against the State.

(c) *Whether the defendant asserted her right to a speedy trial in due course.*

Although the State has the burden to ensure that accused individuals are brought to trial promptly, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she . . . would prefer to be tried as soon as possible." *Ruffin,* 284 Ga. at 62. Delay in invoking this right will be weighed against the defendant. "That said, the accused is not required to demand a speedy trial at the first available opportunity, only to demand it in due course." *Buckner*, 292 Ga. 390, 396-97 (738 SE2d 65) (2013) (citations and punctuation omitted); see also *Doggett,* 505 U.S. at 651.

In our earlier opinion, we held that the trial court's finding as to Takyi's assertion of her right appeared to be based in part on an error of law as to whether she could assert her constitutional speedy trial demand in municipal court and on

10

improper hearsay from conversations Takyi had with people in municipal court and in the Solicitor's office. *Takyi*, 314 Ga. App. at 447.

Following our roadmap, on remand the trial court properly recognized that Takyi could have asserted her right to a speedy trial in municipal court. See *State v. Lessing*, 302 Ga. App. 196 (690 SE2d 501) (2010). She did not do so. Nonetheless, the trial court found that she asserted her right "in due course." In making this finding, the court expressly disregarded consideration of any hearsay and relied upon uncontradicted testimony that Takyi and her attorneys diligently sought a speedy resolution to her case during the 18 months prior to her accusation, and the short period of time between when Takyi was formally accused on February 4, 2010 and when she made a formal speedy trial demand on February 22, 2010.

Although the State challenges the adequacy of the nonhearsay evidence to support this finding, we previously held that there was significant evidence that Takyi attempted to obtain a speedy trial and this remains the law of the case. *Takyi*, 314 Ga. App. at 447. See OCGA 9-11-60(d); *Sheppard v. State*, 300 Ga. App. 261, 263 (684 SE2d 397) (2009). Consequently, the trial court properly exercised its discretion in weighing this factor against the State.

(d) *Prejudice to the defendant.*

11

In evaluating the final *Barker-Doggett* factor, courts must consider three types of prejudice associated with an unreasonable pretrial delay: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired. *Porter*, 288 Ga. at 529; see *Barker,* 407 U.S. at 532. Notably, "the presumption of prejudice addressed in *Barker* strengthens with the passage of time and, as the delay increases, less specific harm need be demonstrated to conclude that the delay is prejudicial. *State v. Redding*, 274 Ga. 831, 833 (561 S.E.2d 79, 82 (2002); *Goddard*, 315 Ga. App. at 876.

Regarding anxiety and concern, the trial court found that Takyi suffered unusual and extreme anxiety and emotional pain due to her uncertain immigration status, such that she was "frightened that at any time her unresolved immigration status could force her to leave the U.S." The trial court heard testimony from Takyi and her attorneys about the actions they took regarding her pending citizenship application and the emotional impact the attorneys understood the situation to have on Takyi.

We held in the first appeal that the trial court erred in making its finding of prejudice to the defendant by considering impermissible hearsay. *Takyi*, 314 Ga. App. at 448 (1). On remand, the trial court, explicitly disregarding hearsay and relying

exclusively on the uncontradicted testimony of Takyi and her attorneys, found that Takyi suffered an unusual amount of stress and anxiety due to the delayed resolution of her case. Because it ignored the hearsay identified in the prior appeal to reach its decision, the trial court properly exercised its discretion in weighing the final factor slightly in Takyi's favor.

"A trial court exercises a substantial discretion in applying the *Barker* balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion." *Porter*, 288 Ga. at 533 (2) (e) (citation omitted); see also *Sweatman v. State*, 287 Ga. 872, 874-75 (700 S.E.2d 579) (2010). Weighing all the *Barker* factors, the trial court acted within its discretion in granting Takyi's motion to dismiss.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*