A11A2426. KEMP v. THE STATE.
(724 SE2d 41)

MILLER, Judge.

Robert Kemp was indicted on two counts of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), possession of a

---

firearm during the commission of a felony (OCGA § 16-11-106 (b)), criminal damage to property in the second degree (OCGA § 16-7-23 (a)), obstruction of a law enforcement officer (OCGA § 16-10-24 (a)), carrying a concealed weapon (OCGA § 16-11-126 (h)), and reckless conduct (OCGA § 16-5-60 (b)). Kemp filed a motion to dismiss the indictment, alleging a violation of his constitutional right to a speedy trial. The trial court denied Kemp's motion, and Kemp appeals. For the reasons that follow, we reverse and remand with direction.

"[W]e review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts." (Citations and footnote omitted.) *Grizzard v. State*, 301 Ga. App. 613, 614 (688 SE2d 402) (2009).

So viewed, the evidence shows that Kemp was arrested on November 3, 2007, for charges stemming from the shooting of two individuals. Kemp was indicted on November 13, 2007, and was released on bond on November 19, 2007. On December 3, 2007, Kemp was arraigned. The State provided formal discovery on February 25, 2008, and on the same date, the case was set on the trial court's final plea calendar. The trial court then scheduled motions hearings on April 7, 2008, and June 23, 2008, but neither Kemp nor the State appeared at either hearing. The trial court set the case on the trial calendar with notice to counsel that any pending motions would be heard at trial.

The case next appeared on the trial calendar on June 14, 2010. However, Kemp's attorney had filed a leave of absence covering part of the June 2010 trial calendar. In July 2010, the State filed supplemental discovery and served Kemp with a witness list. That same month, Kemp filed his motion to dismiss, arguing that his constitutional right to a speedy trial had been violated.

The case was again called for trial on August 6, 2010, at which time one of Kemp's attorneys requested that the pending motions, including his motion to dismiss, be addressed before trial. Although the case next appeared on the October 18, 2010, trial calendar, it was not called, and Kemp's counsel had filed a leave of absence for much of that calendar.

In November 2010, the State reindicted Kemp on the same original charges, plus the charge of aggravated battery (OCGA § 16-5-24). The case was ultimately called on December 2, 2010, to resolve Kemp's speedy trial claim. The hearing was continued on January 31, 2011, to allow the presentation of additional testimony. On April 4, 2011, the trial court denied Kemp's motion. This appeal followed.

When considering a motion to dismiss on speedy trial grounds, the trial court must conduct a two-part test as set forth in the United

States Supreme Court decisions in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). See *Stewart v. State*, 310 Ga. App. 551, 552-553 (713 SE2d 708) (2011).

> The first stage requires a determination of whether the interval from the defendant's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial." Where the delay is only ordinary, rather than presumptively prejudicial, the defendant's speedy trial claim fails at the threshold. A delay that is deemed to be presumptively prejudicial, however, triggers the second stage of the analysis. At this second stage, a court must determine whether the defendant has been deprived of his right to a speedy trial by analyzing a four-part balancing test that considers the conduct of both the State and the defendant (i.e., the *Barker-Doggett* factors): (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.

(Citations and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 552-553.

1. *Presumptive Prejudice.* "Speedy trial rights attach at the time of arrest or formal indictment, whichever is earlier." (Citation and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 553 (1). Here, the trial court incorrectly determined that the delay was approximately 31 months, starting from the date Kemp was indicted on November 13, 2007, and ending on the date the court called the case to trial on June 14, 2010. The relevant interval, however, was the period between Kemp's arrest on November 3, 2007, and the trial court's April 4, 2011, denial of his motion to dismiss. See *Stewart*, supra, 310 Ga. App. at 553 (1) (concluding that the relevant interval was the time that elapsed between the defendant's arrest and the trial court's denial of the defendant's motion to dismiss). Consequently, the actual delay was 41 months.

In addition to inaccurately calculating the length of the delay, the trial court erred by failing to consider whether this delay was presumptively prejudicial. The 41-month delay in this case is presumptively prejudicial. See *Hayes v. State*, 298 Ga. App. 338, 340 (1) (680 SE2d 182) (2009) (a pretrial delay exceeding 12 months is

presumptively prejudicial). Therefore, we will proceed to review the trial court's findings with respect to the second stage of the *Barker-Doggett* analysis.

2. *Barker-Doggett Analysis*

(a) *Whether the Delay was Uncommonly Long.*

> It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify. As a result, the weight accorded the other factors in the balancing test depends, to a large degree, on the length of the delay.

(Citations and punctuation omitted.) *Hayes*, supra, 298 Ga. App. at 341 (2) (a).

As described in Division 1, the trial court erred by failing to accurately determine the length of the delay. See *Hayes*, supra, 298 Ga. App. at 341 (2) (a). Significantly, there is nothing in the trial court's order indicating that it considered whether the pretrial delay was uncommonly long given the circumstances of the case. "To the extent the trial court overlooked this factor in the four-factor balancing process, it erred." *Ruffin v. State*, 284 Ga. 52, 59 (2) (b) (i) (663 SE2d 189) (2008); *Teasley v. State*, 307 Ga. App. 153, 157 (1) (704 SE2d 248) (2010).

(b) *Reasons and Responsibility for the Delay.* To determine the reasons for the delay, we are required to "assign various degrees of weight to the different reasons provided by the prosecution and the defense respectively." (Citations and punctuation omitted.) *Teasley*, supra, 307 Ga. App. at 158 (2) (b). For instance,

> [d]eliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.
>
> In contrast, delay caused by the defense weighs against the defendant: If delay is attributable to the defendant, then his waiver may be given effect under standard waiver

doctrine. That rule accords with the reality that defendants may have incentives to employ delay as a defense tactic: delay may work to the accused's advantage because witnesses may become unavailable or their memories may fade over time.

(Citations and punctuation omitted.) *Vermont v. Brillon*, 556 U. S. 81, 90 (II) (129 SC 1283, 173 LE2d 231) (2009). "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Citations omitted.) *State v. Reimers*, 310 Ga. App. 887, 889 (2) (b) (714 SE2d 417) (2011).

Here, the trial court found Kemp and the State were each partly responsible for the circumstances that caused the delay, but it erred by weighing this factor more heavily against Kemp. In particular, the trial court concluded that the eight-month delay between Kemp's arrest on November 3, 2007, and June 23, 2008, was directly attributable to Kemp, since defense counsel failed to appear for the hearings scheduled to resolve certain pretrial motions. While delay caused by defense counsel can be charged against Kemp, see *Brillon*, supra, 556 U. S. at 89-90 (II), the amount of time that elapsed because of defense counsel's failure to appear amounted to a three-month interval, starting in April 2008 and ending in June 2008. The record does not support a finding that Kemp was responsible for any delay between Kemp's November 2007 arrest and April 2008, as he was not arraigned until December 3, 2007, and the State did not provide discovery until February 25, 2008.

With respect to the two-year delay between June 2008 and June 2010, the trial court explained that it was necessitated by the trial court's calendar, was unintentional, and would be weighed against the.State. The trial court also weighed this two-year delay against Kemp, because he failed to contact the court to schedule a hearing to resolve his motions or to put the case on the trial calendar. However, the record shows that the trial court notified the parties that it would not schedule another motions hearing and, instead, would resolve all motions at trial. Moreover, "the primary burden is on the prosecutor and the court — not the defendant — to bring the case to trial[.]" (Citation, punctuation and emphasis omitted.) *Hester v. State*, 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004); see also *Ward v. State*, 311 Ga. App. 425, 429 (3) (715 SE2d 818) (2011) (holding that the government is responsible for bringing a defendant promptly to trial, and this "includes all state actors, even trial and appellate court judges") (citation and punctuation omitted). Additionally, both the record and the trial court's order reflected that part of the reason for the two-year period of inactivity was that the trial court gave priority

to cases involving incarcerated individuals. "[W]here 'jail cases' are given priority over 'bond cases,' the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." (Citation and punctuation omitted.) *Lambert v. State*, 302 Ga. App. 573, 575-576 (2) (692 SE2d 15) (2010).

As for the remaining delay, the trial court attributed most of it to Kemp because defense counsel failed to appear at the June 2010 trial calendar, failed to announce ready at the August 2010 trial calendar, and filed leaves of absences for much of the November and December 2010 calendars. The trial court's order, however, stated that most of the August and September 2010 trial calendars were unavailable because of other criminal trials and the need to try cases with defendants who were in custody. The trial court also stated that the case was not reached at the October 2010 calendar, because of an ongoing trial and the pending motion to dismiss in this case. The delay caused by the trial court's overcrowded docket and decision to prioritize "jail cases" over Kemp's case was attributable to the State, not Kemp. See *Lambert*, supra, 302 Ga. App. at 575-576 (2); *Teasley*, supra, 307 Ga. App. at 160 (2) (b) (unintentional delays caused by overcrowded court dockets are weighed against the State).

Given that the record shows that the State, rather than Kemp, was primarily responsible for the delay in this case, the trial court erred by weighing the reason for the delay factor heavily against Kemp.

(c) *Assertion of the Right*. Since the defendant may benefit by delaying a trial, the defendant bears the responsibility for asserting his right to a speedy trial. See *State v. Moses*, 301 Ga. App. 315, 319 (2) (c) (692 SE2d 1) (2009). An extended delay in asserting this right should be weighed heavily against the defendant. See, e.g., *State v. Porter*, 288 Ga. 524, 529 (2) (c) (3) (705 SE2d 636) (2011); *Frazier v. State*, 277 Ga. App. 881, 882 (c) (627 SE2d 894) (2006). Indeed, "[t]he failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." (Citation and punctuation omitted.) *Frazier*, supra, 277 Ga. App. at 882 (c). "This factor weighs especially strongly against a defendant where he has been represented by counsel since soon after his arrest but does not assert his right to a speedy trial until just before trial." (Citation omitted.) *Howard v. State*, 307 Ga. App. 822, 827 (2) (c) (706 SE2d 163) (2011).

Here, Kemp secured counsel shortly after his arrest on November 3, 2007. He did not, however, assert his right to a speedy trial until he filed his motion to dismiss in July 2010, a period of approximately 32 months. The trial court found that the extended delay was a factor to be weighed heavily against Kemp, and we conclude that the trial court did not err in this respect. See *Howard*, supra, 307 Ga. App. at 827 (2) (c); *Green v. State*, 295 Ga. App. 468,

470 (4) (672 SE2d 414) (2008) (holding that the trial court did not err in heavily weighing against the defendant his near three-year delay in asserting speedy trial right against him).

(d) *Prejudice to the Defendant.* In evaluating the final *Barker-Doggett* factor, we consider three types of prejudice normally associated with an unreasonable delay before trial: oppressive pretrial detention; anxiety and concern of the accused; and the possiblity that the accused's defense will be impaired. *Porter*, supra, 288 Ga. at 529 (2) (c) (4). Of these three types of prejudice, the last is the most serious because the inability of the defendant to adequately prepare his defense affects the fairness of the justice system. Id.

Before addressing the three specific types of prejudice, however, we first consider Kemp's contention that this case gives rise to a presumption of actual prejudice. As discussed above in Division 1, the 41-month delay in this case was presumptively prejudicial. Once established, the presumption of prejudice always exists, although it increases in weight over time. *Stewart*, supra, 310 Ga. App. at 558 (2) (d). Nevertheless, a finding of presumptive prejudice cannot alone carry Kemp's speedy trial claim without regard to the other *Barker-Doggett* criteria. See id.

Beyond the presumptive prejudice that arose in this case, however, and as the trial court found, Kemp made no showing of any prejudice otherwise. Indeed, the record reflects no oppressive pretrial incarceration, because Kemp was out on bond for much of the four-year delay. See *Green*, 295 Ga. App. at 471 (6). Further, Kemp made no showing of anxiety and concern arising out of the delay, especially since he chose not to alleviate any anxiety or concern during the time he was out on bond. See id. Additionally, Kemp presented no evidence that his defense was impaired by the delay. Consequently, although a presumption of prejudice arose with the significant delay in this case, Kemp failed to substantiate this presumption with any evidence of actual prejudice. Accordingly, we conclude that the trial court properly weighed this factor heavily against Kemp. *Stewart*, supra, 310 Ga. App. at 561 (2) (e); cf. *Falagian v. State*, 300 Ga. App. 187, 190 (1) (d) (684 SE2d 340) (2009) (defendant's conclusory statements were insufficient to show prejudice and this factor weighed heavily against the defendant).

(e) *Barker-Doggett Balancing Test.* "A trial court exercises substantial discretion in applying the *Barker*[-*Doggett*] balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion." (Citation omitted.) *Porter*, supra, 288 Ga. at 533 (2) (e). Nevertheless, "where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." (Citation and punctuation omitted.) Id.

Here, the trial court's order contains significant factual and legal errors. Notably, the trial court failed to accurately determine the length of the delay. It also failed to consider whether this delay was presumptively prejudicial as a threshold matter, or uncommonly long as the first of the *Barker-Doggett* factors. Further, it erred by weighing the reason for delay heavily against Kemp, when the record shows that the State was mostly responsible for the delay.

Based on these errors, the trial court could not properly balance the *Barker-Doggett* factors, and the trial court's order must be vacated and the case remanded "for the trial court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order." (Citations omitted.) *Porter*, supra, 288 Ga. at 534 (2) (e); see also *Reimers*, supra, 310 Ga. App. at 893 (3). Accordingly, we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 23, 2012.

*Kimberly H. Cornwell, Bruce S. Harvey*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.