**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 6, 2012**

# In the Court of Appeals of Georgia

A12A0676. SECHLER v. THE STATE.

BARNES, Presiding Judge.

Errett Christopher Sechler III appeals from the trial court's order denying his motion for discharge and acquittal for an alleged violation of his constitutional right to a speedy trial.[1] Because the trial court did not abuse its discretion in weighing the relevant factors for determining whether there was a constitutional speedy trial violation, we affirm.

In January 2008, Sechler was arrested and charged with driving under the influence of alcohol ("DUI") in the City of Madison, Georgia. The case was docketed in the Municipal Court of Madison, where Sechler pled guilty in May 2008.

---

[1] A defendant may directly appeal the pretrial denial of a constitutional speedy trial claim. See *Johnson v. State*, 313 Ga. App. 895, 897, n. 7 (723 SE2d 100) (2012).

Subsequent to the guilty plea, Sechler filed a petition for a writ of habeas corpus in the Superior Court of Morgan County in October 2008, contending that his guilty plea should be set aside because he was not advised of his constitutional rights under *Boykin v. Alabama*, 395 U.S. 238 (89 SC 1709, 23 LE2d 274) (1969). In July 2009, the superior court granted the requested habeas corpus relief and set aside the guilty plea.

The case was re-docketed in the Municipal Court of Madison, and Sechler filed a demand for jury trial and motion to transfer the case to the Superior Court of Morgan County in January 2010. After the case was bound over to superior court in April 2010, defense counsel filed a notice of leave of absence in May 2010 for several days in June, July, and October 2010.

In September 2010, the District Attorney's Office filed an accusation in the superior court charging Sechler with DUI. Sechler filed a written waiver of arraignment and entered a plea of not guilty in October 2010, and the case was placed on the next available trial calendar set for January 2011. However, Sechler had an outstanding motion to suppress that he wanted heard prior to trial, which initially was set for a hearing in December 2010 but was re-set to April 2011 because both the State and defense counsel had scheduling conflicts. The superior court heard the

motion to suppress in April 2011 on the rescheduled date and denied the motion in a written order entered that same month.

A few days after the superior court denied the motion to suppress, defense counsel filed a second notice of leave of absence for several days in May, June, and July 2011. The case originally was placed on the June 2011 trial calendar, but it was not tried that week because defense counsel had a conflict and asked for a continuance. The case then was placed on the next trial calendar set for August 2011.

During the pendency of the case, Sechler never filed a statutory demand for speedy trial. Then, in August 2011, Sechler for the first time filed his motion for discharge and acquittal on the ground that his right to a speedy trial under the United States and Georgia Constitutions had been violated. Later that month, the superior court heard evidence and orally denied the motion for discharge and acquittal.[2] In October 2011, the superior court issued a written order setting forth findings of fact and conclusions of law supporting its decision. This appeal followed.

A speedy trial is guaranteed to an accused by the Sixth Amendment to the United States Constitution as well as by the Georgia Constitution. See U. S. Const.,

---

[2] The superior court judge who ruled on the motion for discharge and acquittal was not the same superior court judge who granted Sechler's request for habeas relief.

3

Amend. VI; Ga. Const., Art. I, Sec. I, Para. XI (a). The template for deciding constitutional speedy trial claims is well-established and involves application of the analysis set out in *Barker v. Wingo*, 407 U.S. 514, 522-523 (II) (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U.S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992). See *State v. Porter*, 288 Ga. 524, 525-526 (2) (a) (705 SE2d 636) (2011); *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

The *Barker-Doggett* analysis has two steps. See *State v. Stallworth*, 293 Ga. App. 368 (2) (667 SE2d 147) (2008). In the first step, the trial court engages in a threshold inquiry and decides whether the pretrial delay has been sufficiently long to be considered "presumptively prejudicial." *Doggett*, 505 U.S. at 651-652 (II); *Ruffin*, 284 Ga. at 55 (2). If the pretrial delay is considered presumptively prejudicial, the trial court then moves to the second step of the analysis and balances four factors:

> [1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result.

*Porter*, 288 Ga. at 525-526 (2) (a), quoting *Doggett*, 505 U.S. at 651 (II). Balancing of the four factors is "context-sensitive" and "necessarily compels [trial courts] to approach speedy trial cases on an ad hoc basis." (Citation and punctuation omitted.)

4

*Ruffin*, 284 Ga. at 55 (2), 56 (2) (b). "The trial court's weighing of each factor and its balancing of all four factors – its ultimate judgment – are reviewed on appeal only for abuse of discretion." *Porter*, 288 Ga. at 526 (2) (a).[3] Mindful of these principles, we turn to the procedural history and the superior court's order in the instant case.

1. *Presumptive Prejudice.* "For serious crimes that do not involve unusual complexities, one year generally marks the point at which expected deliberateness in the prosecution of a criminal matter turns into presumptively prejudicial delay." (Citation and punctuation omitted.) *Ward v. State*, 311 Ga. App. 425, 428 (1) (715 SE2d 818) (2011). See *Ruffin*, 284 Ga. at 55 (2) (a). "Where no trial has occurred, the

---

[3] Additionally, "the trial court's order must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker*[-*Doggett*] analysis." *Porter*, 288 Ga. at 526 (a). The superior court's order met this requirement. Sechler, however, suggests that the order is defective and entitled to less deference because it was drafted and submitted to the superior court by the State. We are unpersuaded. Because the findings of fact and conclusions of law contained in the proposed order submitted by the State ultimately were adopted by the superior court as its own, those findings and conclusions are entitled to the same level of deference on appeal as if drafted by the court in the first instance. See *Jefferson v. Zant*, 263 Ga. 316, 316-317 (1) (431 SE2d 110) (1993). Nevertheless, while we recognize that trial court judges often face a daunting caseload, the better practice is for them not to adopt verbatim the proposed findings submitted by a prevailing party, given "the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor." (Citations omitted.) Id. at 317 (1).

length of delay should be calculated from the date of arrest or formal accusation to the date on which the motion to dismiss on speedy trial grounds was decided.*" Phan v. State*, 290 Ga. 588, 593 (1) (a) (723 SE2d 876) (2012).

The superior court found that the pretrial delay experienced by Sechler was presumptively prejudicial. Sechler was arrested on January 30, 2008, and the superior court's order denying his constitutional speedy trial claim was entered on October 12, 2011, for a total pretrial delay of approximately 44 months. The State does not dispute that the approximately 44-month delay crossed the threshold of presumptive prejudice, triggering analysis of the four *Barker-Doggett* factors. See *State v. Bazemore*, 249 Ga. App. 584, 585 (1) (a) (549 SE2d 426) (2001) (more than 21-month delay in DUI case was presumptively prejudicial); *State v. Yates*, 223 Ga. App. 403, 404 (1) (477 SE2d 670) (1996) (more than 27-month delay in DUI case was presumptively prejudicial). The superior court, therefore, acted within its discretion in finding presumptive prejudice.[4]

---

[4] Arguably, the delay in this case should be measured from the date when the superior court granted habeas relief and set aside Sechler's guilty plea. Cf. *Jakupovic v. State*, 287 Ga. 205, 206 (1) (a) (695 SE2d 247) (2010) (where the trial court grants a defendant's motion for new trial without inordinate delay, the delay for constitutional speedy trial purposes is measured from the date that the trial court grants the new trial). But, we need not resolve this issue of calculation, given that the pretrial delay, even if measured from when the superior court granted Sechler habeas

6

2. *The Barker-Doggett Factors.*

(a) *Whether the Pretrial Delay Was Uncommonly Long.* The first *Barker-Doggett* factor, whether the pretrial delay was uncommonly long, requires consideration of "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." (Citation and punctuation omitted.) *Ward*, 311 Ga. App. at 428 (2).

> It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify. As a result, the weight accorded the other factors in the balancing test depends, to a large degree, on the length of the delay.

(Citation omitted.) *Kemp v. State*, 314 Ga. App. 327, 330 (2) (a) (724 SE2d 41) (2012). See *Ruffin*, 284 Ga. at 56-57 (2) (b) (i).

The superior court's order does not reflect that it separately considered whether the pretrial delay in this case was uncommonly long. "To the extent the [superior]

---

relief in July 2009, exceeded one year and thus crossed the threshold of presumptive prejudice. See *Ruffin*, 284 Ga. at 55 (2) (a); *Ward*, 311 Ga. App. at 428 (1).

7

court overlooked this factor in the four-part balancing process, it erred." *Ruffin*, 284 Ga. at 59 (2) (b) (i). See *Kemp*, 314 Ga. App. at 330 (2) (a); *Teasley v. State*, 307 Ga. App. 153, 158 (2) (a) (704 SE2d 248) (2010). The pretrial delay experienced by Sechler far exceeded the amount of time necessary to establish a presumption of prejudice, and, therefore, was uncommonly long and must be weighed against the State. See *Hill v. State*, __ Ga. App. __ (2) (a) (Case No. A12A0363, decided May 10, 2012) (21-month pretrial delay was uncommonly long and should be weighed against the State).

(b) *Whether the Government or the Criminal Defendant is More to Blame for the Pretrial Delay.* The second *Barker-Doggett* factor requires consideration of "both the reason for the delay and whether this is attributable to the defendant or the [S]tate." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (b) (680 SE2d 182) (2009). In analyzing the reasons for the pretrial delay,

> we are required to assign various degrees of weight to the different reasons provided by the prosecution and the defense respectively. For instance, deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must

8

rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant[.]

(Citations and punctuation omitted.) *Kemp*, 314 Ga. App. at 330-331 (2) (b). At the same time, some pretrial delay is "inherent in the adversarial process itself," such as the time that normally must be expended by the government to track down witnesses and gather evidence, and the time that must be afforded trial and appellate courts "to decide motions and appeals in a just and thoughtful manner." (Footnotes omitted.) *Ruffin*, 284 Ga. at 59-60 (2) (b) (ii). Pretrial delays of this nature, if appropriately limited in duration, "militate neither for nor against a finding of a speedy trial violation; they are truly neutral in the *Barker-Doggett* balancing process." Id. at 60 (2) (b) (ii). Finally, there are occasions where the record is simply silent as to the reason for the delay, and in that context, "we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Citation and punctuation omitted.) *Kemp*, 314 Ga. App. at 331 (2) (b).

In applying these principles, the superior court weighed the second factor in favor of the State. The court found that the pretrial delay was caused by a variety of factors not attributable to the State, including the unusual procedural history of the case, which involved municipal court proceedings and the grant of habeas relief, "as

9

well as necessary leaves filed by counsel, motions filed by counsel which had to be heard prior to trial[,] and continuances."

The superior court did not abuse its discretion. As the superior court found, this case is an unusual one procedurally in that it involved the entry of a guilty plea in municipal court, the petition and then grant of habeas relief setting aside that guilty plea, and a transfer of the case from municipal court to superior court at Sechler's request. Additional pretrial delay was caused by Sechler's motion to suppress, his notices of leave of absence, and his request for a continuance. In light of these combined circumstances, we conclude that there was evidence to support the superior court's finding that the pretrial delay was caused by the unusual procedural history of the case and by Sechler's own actions, rather than any negligence or deliberate delay caused by the State. Consequently, we cannot say that the superior court abused its discretion in weighing the second factor in favor of the State and against Sechler. See *Goddard v. State*, __ Ga. App. __ (2) (b) (Case No. A12A0504, decided May 15, 2012) (defendant's request for continuance could be weighed against him under second *Barker-Doggett* factor); *State v. Takyi*, 314 Ga. App. 444, 446 (1) (b) (724 SE2d 459) (2012) (trial court should have taken into account defendant's demand for jury trial and request for transfer to state court in deciding who was responsible for

10

the pretrial delay); *Rackoff v. State*, 275 Ga. App. 737, 738 (1) (b) (621 SE2d 841) (2005) (defendant's filing of pretrial motions attributable to defendant rather than the State); *Oliver v. State*, 262 Ga. App. 637, 640 (4) (b) (586 SE2d 333) (2003) (delay partially attributable to defendant who filed several of leaves of absence, request for continuance, and pre-trial motions that had to be ruled on before trial could commence). See generally *Rafi v. State*, 289 Ga. 716, 718 (2) (715 SE2d 113) (2011) (weighing second *Barker-Doggett* factor against defendant); *Weis v. State*, 287 Ga. 46, 53-54 (1) (b) (694 SE2d 350) (2010) (same).

(c) *Assertion of the Right.* The third *Barker-Doggett* factor requires consideration of whether the defendant timely asserted his constitutional right to a speedy trial. See *Howard v. State*, 307 Ga. App. 822, 827 (2) (c) (706 SE2d 163) (2011).

> [Because] the defendant may benefit by delaying a trial, the defendant bears the responsibility for asserting his right to a speedy trial. An extended delay in asserting this right should be weighed heavily against the defendant. Indeed, the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial. This factor weighs especially strongly against a defendant where he has been represented by counsel since soon after his arrest but does not assert his right to a speedy trial until just before trial.

11

(Citations and punctuation omitted.) *Kemp*, 314 Ga. App. at 332 (2) (c).

Sechler has been represented by counsel since soon after his arrest. He was represented by counsel when he entered his guilty plea, and he has been represented by his current counsel since he sought habeas relief in the municipal court. But Sechler failed to assert his right to a speedy trial until August 2011, over three years after his arrest and over two years after he obtained habeas relief. The superior court found that the long delay should be weighed strongly against Sechler, and we conclude that the court acted within its discretion in its assessment of the third *Barker-Doggett* factor. See *Kemp*, 314 Ga. App. at 332-333 (2) (c) (approximately 32-month delay in asserting speedy trial right weighed heavily against defendant); *Green v. State*, 295 Ga. App. 468, 470 (4) (672 SE2d 414) (2008) (nearly three-year delay in asserting speedy trial right weighed heavily against defendant); *Beasley v. State*, 260 Ga. App. 74, 76 (c) (579 SE2d 19) (2003) (21-month delay in asserting speedy trial right weighed heavily against defendant).

(d) *Prejudice to the Defendant.* The fourth *Barker-Doggett* factor requires consideration of "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be

12

impaired." (Punctuation and footnote omitted.) *Weems v. State*, 310 Ga. App. 590, 594 (2) (d) (714 SE2d 119) (2011). The superior court found that Sechler had failed to present any persuasive evidence regarding any of these three interests and thus weighed the fourth *Barker-Doggett* factor in favor of the State.

Sechler raises no claim of oppressive pretrial incarceration. "As to the remaining interests, to establish prejudice, the defendant must show *actual* anxiety and concern and *specific evidence* of how the delay impaired his ability to defend himself." (Citations and punctuation omitted; emphasis in original.) *Carder v. State*, 312 Ga. App. 61, 66 (2) (d) (717 SE2d 661) (2011).

Sechler testified at the hearing on his motion that he was retired and that he had elected not to seek employment because the pendency of the case meant that he could be called away from a job to appear at court. He further testified that as a result of the case, he has had trouble sleeping, has lost his appetite, and is "just generally very upset." But "[a]nxiety and concern of the accused are always present to some extent, and thus absent some unusual showing are not likely to be determinative in defendant's favor." (Citation and punctuation omitted.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001). And there is no evidence demonstrating that Sechler's alleged loss of job opportunities and his anxiety were unusual for someone

13

in his circumstance. Moreover, Sechler conceded on cross-examination that he had personally benefitted from the pretrial delay, given that a conviction on the case would constitute a second DUI conviction in five years and would have adverse effects on his driver's license status. See OCGA § 40-5-63 (a) (2). Consequently, the superior court was authorized to find that Sechler was not prejudiced as a result of undue anxiety or concern. See *Ward*, 311 Ga. App. at 430 (5) (defendant's testimony that pretrial delay caused some sleep problems, anger, and emotional strain did not demonstrate unusual anxiety and concern); *Weems*, 310 Ga. App. at 595 (2) (d) (no evidence that defendant's alleged employment struggle caused by pretrial delay was unusual for someone in his situation).

"In any event, the possibility of harm to the accused's defense is the most serious of the elements to be considered regarding potential prejudice to the defendant." (Citation and punctuation omitted.) *Weis v. State*, 287 Ga. 46, 55 (1) (d) (694 SE2d 350) (2010). Sechler makes the general assertion that "[w]itnesses may not be available" and their "recollection will not be as sharp" as a result of the pretrial delay. Yet, to prove prejudice resulting from the unavailability of witnesses, a defendant must point to specific witnesses who would have supplied material evidence for the defense but are no longer available due to the pretrial delay. See

14

*Lynch v. State*, 300 Ga. App. 723, 725 (1) (d) (686 SE2d 268) (2009). Because Sechler failed to make such a showing, the superior court was authorized to find that his defense was not harmed.

Sechler nevertheless contends that because of the length of time that has passed, prejudice should be presumed for purposes of the fourth *Barker-Doggett* factor. It is true that "the greater the delay between charging and trial, the greater the presumed impairment of witness recollections and other evidence needed for a fair and reliable trial." (Citation and punctuation omitted.) *Phan*, 290 Ga. at 596 (1) (d). Nevertheless, although a presumption of prejudice arose as a result of the pretrial delay, the superior court acted within its discretion in weighing the fourth factor in favor of the State. Because Sechler did not suffer any substantial impairment to his mental or physical condition or to his defense strategy, "any prejudice that might be presumed by virtue only of the passage of time . . . carr[ied] very little weight in the *Barker*[-*Doggett*] analysis." Id. See *Hill*, __ Ga. App. at __ (2) (d); *Kemp*, 314 Ga. App. at 333 (2) (d). Compare *Brown v. State*, __ Ga. App. __ (2) (d) (Case No. A11A1932, decided on March 20, 2012) (in case where nearly nine years elapsed between defendant's arrest and the ruling on his speedy trial claim, fourth factor weighed in favor of defendant, despite lack of showing of actual impairment to his

15

defense, because prejudice could be presumed from the "extraordinary length of the delay").

(e) *Balancing the Barker-Doggett Factors.* In sum, the superior court erred in failing to analyze separately whether the pretrial delay was uncommonly long, and it should have weighed that factor against the State. However, the superior court acted within its discretion in finding that the reasons for the delay weighed in favor of the State, that Sechler's long delay in asserting his speedy trial right weighed heavily against him, and that the Sechler had failed to show any prejudice resulting from the delay and in weighing this factor against him. Under these circumstances, we cannot say that the trial court abused its discretion in rejecting Sechler's constitutional speedy trial claim and denying his motion for discharge and acquittal. See *Ruffin*, 284 Ga. at 65-66 (3) (concluding that trial court acted within its discretion in denying defendant's speedy trial claim, despite some errors in the trial court's legal analysis). Compare *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011) ("If the trial court *significantly* misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.") (emphasis supplied).

16

*Judgment affirmed. Adams and McFadden, JJ., concur.*