**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 23, 2012**

# In the Court of Appeals of Georgia

A12A1157. RICHARDSON v. THE STATE.

McFADDEN, Judge.

Steve Richardson appeals from the trial court's order denying his motion for discharge and acquittal for an alleged violation of his constitutional right to a speedy trial.[1] This is the second appearance of this case before this Court. See *Richardson v. State*, 311 Ga. App. 369 (715 SE2d 774) (2011). In the prior appeal, we vacated the trial court's order denying Richardson's motion because it did not contain findings of fact and conclusions of law consistent with the analysis set forth in *Barker v. Wingo*, 407 U.S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U.S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992), and we remanded for

---

[1] A defendant is entitled to directly appeal the pretrial denial of a constitutional speedy trial claim. See *Johnson v. State*, 313 Ga. App. 895, 897, n. 7 (723 SE2d 100) (2012).

entry of a proper order. See *Richardson*, 311 Ga. App. at 370. On remand, the trial court entered a new order containing findings of fact and conclusions of law, and it is this order that forms the basis for the current appeal. For the reasons discussed below, we must vacate the new order and remand this case for the trial court's reconsideration.

On January 20, 2007, Richardson was arrested for child molestation and other related charges stemming from an incident that occurred in December 2006 at his place of work. Richardson was released on bond on January 23, 2007. On February 6, 2007, the grand jury indicted him on charges of child molestation, false imprisonment, and sexual battery.

On May 1, 2007, Richardson filed a demand for discovery along with other consolidated motions. The State served him with some discovery materials on June 27, 2007, including copies of the indictment, the arrest warrants, the initial police report, supplemental police reports, handwritten witness statements, and a Georgia Crime Information Center report regarding Richardson. The discovery did not include photographs of the alleged crime scene location that had been taken by a crime scene photographer, the surveillance video of Richardson and the victim entering a stairwell

where the alleged molestation occurred, or the videotaped forensic interview with the victim, all of which were referenced in a supplemental police report.

On July 11, 2008, Richardson filed a motion to compel in which he sought a copy of the crime scene photographs, the surveillance video, and the forensic interview of the victim, as well as updated contact information for the State's witnesses. A few days later, on July 14, 2008, Richardson filed a motion for discharge and acquittal based on the alleged denial of his constitutional right to a speedy trial.

On March 29, 2010, the State served Richardson with supplemental discovery, providing him for the first time with copies of the crime scene photographs and the forensic interview. The State did not produce a copy of the surveillance video.

On August 24, 2010, the trial court entered its original order denying Richardson's motion for discharge and acquittal, which, as previously noted, this Court vacated for failure to contain findings of fact and conclusions of law. See *Richardson*, 311 Ga. App. at 370. Following remand, on September 29, 2011, the trial court entered a new order, again denying Richardson's motion, that contained findings of fact and conclusions of law and analyzed the case under the framework enunciated in *Barker* and *Doggett*.

3

In its new order, the trial court calculated the length of the delay as the time that had elapsed between Richardson's January 20, 2007 arrest and the court's August 24, 2010 original order denying his motion for discharge and acquittal. The trial court went on to find that the pretrial delay was presumptively prejudicial; that the length of the delay was uncommonly long and weighed heavily against the State; that the reasons for the delay weighed "benignly" against the State because there was no evidence that the State deliberately attempted to delay the trial or hamper Richardson's defense; that Richardson's 18-month delay in asserting his speedy trial right weighed heavily against him; and that Richardson's failure to show prejudice resulting from the delay should be weighed heavily against him as well. Based on these findings, the trial court balanced the factors and concluded that Richardson's constitutional right to a speedy trial had not been violated. Richardson filed the instant appeal challenging the trial court's new order.

We recently summarized the applicable principles and framework for deciding constitutional speedy trial claims:

> Both the United States and Georgia Constitutions grant defendants in criminal cases a right to a speedy trial. U.S. Const. Amend. VI; Ga. Const. Art. I, Sec. I, Para. XI (a). When considering a motion to dismiss on this ground, the court conducts a two-tier analysis

[as set out in *Barker*, 407 U.S. at 522-523 (II), and *Doggett*, 505 U.S. at 651]. Under the first tier, the court considers whether the delay is long enough to be presumptively prejudicial, and if so, then it considers under the second tier whether the delay constituted a speedy trial violation. In determining whether the delay violated the defendant's speedy trial right, the court considers [four *Barker-Doggett* factors:] (1) whether the delay is uncommonly long; (2) the reasons and responsibilities for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant.

The four factors must be considered together, balancing the conduct of the [government] and the defendant on a case-by-case basis. We review a trial court's decision to deny a motion seeking dismissal for a speedy trial violation under an abuse of discretion standard. . . .

Further, if the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.

(Citations and punctuation omitted.) *Watkins v. State*, __ Ga. App. __, __ (1) (Case No. A12A0246, decided on Apr. 27, 2012). See also *State v. Porter*, 288 Ga. 524, 525-526 (2) (a) (705 SE2d 636) (2011); *Sechler v. State*, __ Ga. App. __, __ (Case

No. A12A0676, decided on July 6, 2012). Guided by these principles, we turn to the procedural history and the trial court's new order entered in this case.

1. *Presumptive prejudice.*

"For serious crimes that do not involve unusual complexities, one year generally marks the point at which expected deliberateness in the prosecution of a criminal matter turns into presumptively prejudicial delay." (Citation and punctuation omitted.) *Ward v. State*, 311 Ga. App. 425, 428 (1) (715 SE2d 818) (2011). The trial court, in its new order, calculated the length of the pretrial delay as running from the time of Richardson's January 20, 2007 arrest to the court's August 24, 2010 original order denying his motion for discharge and acquittal, for a total of approximately three years and seven months. The trial court further found that this length of delay was presumptively prejudicial.

Richardson contends that the trial court erred in calculating the length of the delay for determining presumptive prejudice. According to Richardson, the trial court should have calculated the length of the delay from his January 20, 2007 arrest to the trial court's September 29, 2011 order again denying his motion for discharge and acquittal, for a total of four years and eight months. We agree with Richardson.

"Where no trial has occurred, the length of delay should be calculated from the date of arrest or formal accusation to the date on which the motion to dismiss on speedy trial grounds was decided." *Phan v. State*, 290 Ga. 588, 593 (1) (a) (723 SE2d 876) (2012). Significantly, if the trial court enters a new order denying a motion to dismiss on speedy trial grounds, the length of the pretrial delay runs to the entry of the new order rather than the original order, where an appellate court vacated the original order and remanded for the entry of a new order expressly applying the *Barker-Doggett* framework. See *Goddard v. State*, __ Ga. App. __, __ (1) (Case No. A12A0504, decided May 15, 2012); *Moore v. State*, 314 Ga. App. 219, 221 (1) (723 SE2d 508) (2012). The trial court thus erred in failing to calculate the length of the pretrial delay from Richardson's January 20, 2007 arrest to the trial court's September 29, 2011 new order denying his motion to dismiss on speedy trial grounds, which would have added approximately 13 months to the length of the delay.

Nevertheless, the trial court found that the pretrial delay crossed the threshold of presumptive prejudice, triggering analysis of the four *Barker-Doggett* factors, and neither Richardson nor the State dispute this finding. The trial court, therefore, acted within its discretion in finding presumptive prejudice. See, e. g., *Ward*, 311 Ga. App. at 428 (1).

2. *The Barker-Doggett factors.*

(a) *Whether the pretrial delay was uncommonly long.*

The first *Barker-Doggett* factor, whether the pretrial delay was uncommonly long, requires courts to analyze "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." (Citation and punctuation omitted.) *Ward*, 311 Ga. App. at 428 (2). Although the trial court miscalculated the length of the pretrial delay as discussion in Division 1, the court still found that the delay was uncommonly long and weighed this factor heavily against the State. Richardson and the State do not dispute the trial court's ultimate finding. Because the pretrial delay experienced by Richardson far exceeded the amount of time necessary to establish a presumption of prejudice, the trial court acted within its discretion in finding that the delay was uncommonly long and should be weighed heavily against the State. See, e. g., *Teasley v. State*, 307 Ga. App. 153, 158 (2) (a) (704 SE2d 248) (2010) (delay of three years and two months uncommonly long); *Hill v. State*, __ Ga. App. __ (2) (a) (Case No. A12A0363, decided May 10, 2012) (21-month pretrial delay uncommonly long).

(b) *The reasons and responsibility for the pretrial delay.*

8

The second *Barker-Doggett* factor requires courts to analyze "both the reason for the delay and whether this is attributable to the defendant or the [S]tate." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (b) (680 SE2d 182) (2009).

> In analyzing the reasons for the pretrial delay, we are required to assign various degrees of weight to the different reasons provided by the prosecution and the defense respectively. For instance, deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant. . . . [Additionally,] there are occasions where the record is simply silent as to the reason for the delay, and in that context, we must treat the delay as caused by the negligence of the State in bringing the case to trial.

(Citations and punctuation omitted.) *Sechler*, __ Ga. App. at __ (2) (b). See *Kemp v. State*, 314 Ga. App. 327, 330-331 (2) (b) (724 SE2d 41) (2012).

The trial court found that there was no evidence that the State had deliberately attempted to delay Richardson's trial to hamper his defense or gain a tactical advantage. The court found that the delay attributable to the State instead had been

9

caused by the overcrowded docket and by the fact that the case previously had been assigned to a different judge. Hence, the trial court weighed the second *Barker-Doggett* factor against the State, but only "benignly."

Richardson maintains that the trial court abused its discretion by failing to weigh the reason for the pretrial delay more heavily against the State. We conclude that there was evidence to support the trial court's findings regarding the cause of the delay up to the point of the court's August 24, 2010 order. However, the trial court erroneously failed to consider the additional 13-month delay between its original August 24, 2010 denial of Richardson's motion for discharge and acquittal and its second denial of the same on September 29, 2011.

"Notably, in determining whether the government or the defendant is more to blame for the pretrial delay, the government includes all state actors, even trial and appellate court judges." *Goddard*, __ Ga. App. at __ (2) (b). Where an appellate court is required to vacate a trial court's original order denying dismissal on speedy trial grounds and remand for entry of a proper order under *Barker* and *Doggett*, the government is charged with the delay between the trial court's original order and the new order entered on remand. See id. Consequently, the government should have been held responsible for the 13-month delay between the trial court's original and

10

new orders, and this delay should have been considered by the trial court in analyzing the reasons for the delay in this case. See id.

If the trial court had properly added the 13 months to the length of the pretrial delay, for a total delay of four years and eight months, it could have affected the court's evaluation of how heavily to weigh the second *Barker-Doggett* factor against the State, and thus could have affected the court's ultimate balancing of the four factors. This is because "[e]ven benign negligence will begin to weigh more heavily against the State, the longer the delay caused by the same." *Hayes*, 298 Ga. App. at 345 (2) (b). As the Supreme Court of the United States has explained, "the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness[.]" *Doggett*, 505 U.S. at 657 (III) (B). And as we further explained in *State v. Brown*, __ Ga. App. __, __ (2) (b) (726 SE2d 500) (2012), "[h]ow to weigh the reasons for a particular delay is not just a matter of selecting one of two discrete choices, 'heavily' or 'lightly'"; rather, the trial court has considerable discretion to assign weight along a continuum, and may choose to weigh the negligence of the State substantially against it under some circumstances, even in the absence of deliberate delay. Thus, we cannot simply conclude that, if the trial court had taken

11

into account the additional 13 months of pretrial delay, the court still would have weighed the delay against the State so lightly.

Accordingly, in light of the trial court's failure to consider all relevant periods of pretrial delay, "we are constrained to remand this case again so that the court can reconsider the circumstances giving rise to the delay and reassess the causes for the delay with regard to the principles outlined [above] before reweighing this factor." (Citation and punctuation omitted.) *Goddard*, __ Ga. App. at __ (2) (b). See *Johnson*, 313 Ga. App. at 902 (2 ) (b).

(c) *Assertion of the right.*

The third *Barker-Doggett* factor requires courts to analyze whether the defendant timely asserted his constitutional right to a speedy trial. See *Howard v. State*, 307 Ga. App. 822, 827 (2) (c) (706 SE2d 163) (2011). "[Because] the defendant may benefit by delaying a trial, the defendant bears the responsibility for asserting his right to a speedy trial. An extended delay in asserting this right should be weighed heavily against the defendant." (Citations and punctuation omitted.) *Kemp*, 314 Ga. App. at 332 (2) (c).

The trial court found that the almost 18-month delay between when Richardson was arrested and when he filed his motion for discharge and acquittal on speedy trial

12

grounds should be weighed heavily against him. The court rejected Richardson's contention that the State's failure to timely provide him with discovery could be considered and weighed as part of the analysis. In this regard, the trial court stated categorically that "[t]here is no connection between failing to receive discovery and the failure of a defendant to assert his right to a speedy trial."

Richardson contends that the trial court erred by not considering the State's failure to timely provide him with certain discovery, namely, a copy of the crime scene photographs, the surveillance video, and the forensic interview of the victim. We agree. The trial court concluded, summarily and categorically, that discovery problems can have no connection to a constitutional speedy trial claim. But we have held that the State's delay in responding to a defendant's materially significant discovery requests can mitigate a defendant's delay in asserting his speedy trial right. See *Brown*, __ Ga. App. at __ (2) (c); *State v. Shirley*, 311 Ga. App. 141, 145-146 (3) (c) (714 SE2d 636) (2011); *State v. Ivory*, 304 Ga. App. 859, 862-863 (2) (c), 864 (3) (698 SE2d 340) (2010). Thus, the trial court should have exercised its discretion and considered whether the State's failure to timely provide Richardson with certain discovery ought to serve as a mitigating factor, and the court's error in this regard

provides an additional ground for vacating the court's new order and remanding for reconsideration. See *Watkins*, __ Ga. App. at __ (4).[2]

(d) *Prejudice to the defendant.*

The fourth *Barker-Doggett* factor requires courts to analyze "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Punctuation and footnote omitted.) *Weems v. State*, 310 Ga. App. 590, 594 (2) (d) (714 SE2d 119) (2011).

The trial court found that no oppressive pretrial incarceration, undue anxiety and concern, or impairment of Richardson's defense had resulted from the delay. Accordingly, the court found no evidence of prejudice and weighed the fourth *Barker-Doggett* factor heavily against Richardson.

---

[2] In considering the State's failure to timely provide certain discovery, the trial court ultimately may find that the failure should not serve as a mitigating factor under the particular facts of this case, as we recognized in *Shirley*, 311 Ga. App. at 146 (3) (c). See *Williams v. State*, 290 Ga. 24, 27 (3) (717 SE2d 640) (2011); *Williams v. State*, 300 Ga. App. 797, 798 (c) (686 SE2d 407) (2009). What is critical is that the trial court exercise its discretion and address the issue of the specific discovery problems at issue in this case in evaluating the third *Barker-Doggett* factor.

14

Richardson does not challenge the trial court's finding that the pretrial delay caused no oppressive pretrial incarceration and no impairment of his defense. Rather, his sole argument is that the trial court should have found that he suffered heightened anxiety and concern because his career goals in law enforcement were "completely derailed by the allegations in this pending case." In that regard, Richardson testified that he had been a police officer for 15 years, that he was working as a security guard and at a corrections facility when the alleged crimes occurred, that he had planned to continue with his law enforcement career, but that as a result of the pending criminal charges he has been completely "unable to get any law enforcement job."

Contrary to the trial court's finding, Richardson's testimony that his law enforcement career has effectively been derailed by the pending charges is at least some evidence of anxiety and concern. See *Lambert v. State*, 302 Ga. App. 573, 577 (4) (692 SE2d 15) (2010) (defendant's "testimony that he lost two jobs because he had to travel to court on multiple occasions is evidence of anxiety and concern"). Moreover,

> [t]he Supreme Court of the United States in *Doggett v. United States*,
> 505 U. S. 647, 652 (II) (112 SC 2686, 120 LE2d 520) (1992) held that
> consideration of prejudice is not limited to the specifically
> demonstrable. The Court held that the presumption of prejudice that
> arises from the passage of time strengthens with the length of the delay

15

and may tilt the prejudice factor in a defendant's favor, although it may not alone carry a Sixth Amendment claim without regard to the other *Barker* criteria.

*State v. Lattimore*, 287 Ga. 505, 507 (696 SE2d 613) (2010).

In the instant case, the delay has been lengthy - almost five years. Not only was the trial court required to take account of this lengthy pretrial delay in its threshold determination of presumptive prejudice, but it "was also required to consider the delay a second time by factoring it into the prejudice analysis with the presumption that pretrial delay has prejudiced the accused intensifying over time." (Citation and punctuation omitted.) *Goffaux v. State*, 313 Ga. App. 428, 431 (721 SE2d 635) (2011). See *Porter*, 288 Ga. at 531 (2) (c) (4) ("[O]nce the threshold presumptive prejudice is satisfied, a presumption of prejudice always exists, although it increases in weight over time."). "Notably, the presumption of prejudice . . . strengthens with the passage of time, and as the delay increases, less specific harm need be demonstrated to conclude that the delay is prejudicial." (Citation and punctuation omitted.) *Goddard*, __ Ga. App. at __ (2) (d).

Having reviewed the trial court's order, "we find no indication in the court's order that it considered for a second time the presumptive prejudice arising from the pretrial delay of [four years and eight months] by factoring it into the prejudice

16

analysis as part of the mix of relevant facts." *Goffaux*, 313 Ga. App. at 431. Consequently, on remand, the trial court is hereby directed to reevaluate the fourth *Barker-Doggett* factor of prejudice in light of both the significant anxiety Richardson has suffered at the prospect of having his law-enforcement career destroyed by the pending charges and the lengthy pretrial delay that has occurred in this case. See *Goddard*, __ Ga. App. at __ (2) (d).

(e) *Balancing the Barker-Doggett factors.*

Balancing all four *Barker-Doggett* factors, the trial court found that Richardson had not been denied his constitutional right to a speedy trial and thus denied his motion for discharge and acquittal. But the trial court made a significant factual error in its calculation of the length of the delay by not including the time that had elapsed between the trial court's original and new orders addressing Richardson's speedy trial claim. The court's calculation error could materially affect its analysis of the second and fourth factors, as discussed above. Additionally, the trial court misapplied the law in evaluating the third factor by failing to consider whether the discovery problems at issue in the case should serve as a mitigating factor in considering Richardson's delay in asserting his speedy trial right.

17

In light of these significant errors, and aware that we cannot substitute our judgment for that of the trial court, we are unable to conclude that the trial court necessarily would have denied Richardson's speedy trial claim if it had used the correct facts and legal analysis. See *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). Accordingly, "the trial court's order must be vacated and the case remanded for the trial court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order." (Citation and punctuation omitted.) *Goddard*, ___ Ga. App. at ___ (2) (e). In conclusion, we note that the speedy trial "clock is still ticking," *Ruffin v. State*, 284 Ga. 52, 66 (3) (663 SE2d 189) (2008), and the trial court's analysis on remand should take into account that the length of the pretrial delay continues to run until entry of a third written order applying the *Barker-Doggett* framework. See *Goddard*, ___ Ga. App. at ___ (1); *Moore*, 314 Ga. App. at 221 (1).

*Judgment vacated and case remanded with direction. Adams, J., concurs. Barnes, P. J. concurs in Divisions 1, 2(a), 2(b), 2(c) and 2(e) and concurs specially in Division 2(d)*

18

A12A1157.  RICHARDSON v. STATE.

BARNES, Presiding Judge, concurring specially.

I concur fully in the judgment to vacate and remand this case with direction, and I concur in all of the majority opinion, except for that part of the analysis set forth in Division 2 (d) concerning whether Richardson suffered undue anxiety and concern under the fourth *Barker-Doggett* factor.[1]  The majority concludes that the trial court abused its discretion in finding that Richardson did not suffer undue anxiety and concern as a result of his lost job opportunities in law enforcement.  I disagree with the majority's conclusion because under the facts of this case, the trial court was not *required* to find that Richardson experienced undue anxiety and concern.

In addressing whether a defendant has suffered prejudice under the fourth *Barker-Doggett* factor, courts must analyze "three interests which the speedy trial right is designed to protect," one of which is "minimizing anxiety and concern of the

---

[1] Division 2 (d) of the majority opinion thus decides only the issues in this case and may not be cited as binding precedent.  Court of Appeals Rule 33 (a).

defendant." (Punctuation and footnote omitted.) *Weems v. State*, 310 Ga. App. 590, 594 (2) (d) (714 SE2d 119) (2011). But we have repeatedly emphasized that "[a]nxiety and concern of the accused are always present to some extent, and thus absent some unusual showing are not likely to be determinative in defendant's favor." (Citation and punctuation omitted.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001). See *Johnson v. State*, 313 Ga. App. 895, 905 (2) (d) (ii) (723 SE2d 100) (2012). Thus, we have held that a defendant must demonstrate that he has suffered "significant anxiety and concern beyond that generally experienced by defendants in his situation." (Punctuation and footnote omitted.) *Johnson*, 313 Ga. App. at 905 (2) (d) (ii).

The majority concludes that the trial court abused its discretion in finding that Richardson did not experience undue anxiety and concern because "Richardson's testimony that his law enforcement career has effectively been derailed by the pending charges is at least some evidence of anxiety and concern." The majority then directs the trial court upon remand to find that Richardson suffered "significant anxiety" and to reconsider the fourth *Barker-Doggett* factor of whether the pretrial delay prejudiced Richardson in light of his "significant anxiety" and the presumptive prejudice arising from the passage of time.

2

The majority's analysis is inconsistent with our precedent in this area. The question is not whether there was "some evidence" of anxiety and concern experienced by Richardson; by framing the question in that manner, the majority turns the abuse-of-discretion standard on its head and ignores our repeated admonition that the defendant must suffer more than the usual anxiety and concern of one accused of a crime. The pertinent question instead is whether there is any support for the trial court's finding that Richardson did not suffer significant anxiety and concern beyond that generally experienced by defendants in his situation. And the answer to that question is clearly "Yes."

There is no evidence in the record that Richardson's loss of law enforcement career opportunities caused him significant anxiety and concern beyond that generally experienced by defendants in his situation, i.e., defendants with pending criminal charges and bond restrictions. Furthermore, Richardson conceded that despite his concern over his law enforcement career, he was currently employed in a management position in another field, had received a promotion and a raise while working there, and hoped to receive further promotions.

Under these circumstances, particularly the record evidence that Richardson was in fact presently employed and had received a raise and promotion in his current

3

job, the trial court acted within its discretion in finding that Richardson had not suffered undue anxiety or concern resulting from lost job opportunities. See, e.g., *Sechler v. State*, __ Ga. App. __, __ (2) (d) (730 SE2d 142) (2012) (alleged inability to find employment was insufficient to show undue anxiety or concern); *Weems*, 310 Ga. App. at 595 (2) (d) (concluding that the defendant did not suffer prejudice because "even if [he] had been unable to find steady work, there was no evidence demonstrating that his alleged employment struggle was unusual for someone in his circumstance"). Accordingly, contrary to the majority, I do not believe that the trial court was required to find that Richardson suffered undue anxiety and concern.